Kenneth A. McCREADY, Plaintiff,

v.

**MICHIGAN STATE BAR STANDING COMMITTEE ON CHARACTER AND FITNESS, Defendant.**

No. 5:94–CV–96.

United States District Court,
W.D. Michigan,
Southern Division.

Dec. 14, 1995.

Kenneth A. McCready, pro se.

Marcia L. Proctor, State Bar of Michigan, Lansing, MI, for defendant.

## OPINION OF THE COURT

McKEAGUE, District Judge.

This case presents an action by an applicant for admission to the State Bar of Michigan. Plaintiff's first amended complaint contains five claims: three claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.; and two civil rights claims under 42 U.S.C. § 1983. Now before the Court is defendant's motion to dismiss the complaint in its entirety under Fed. R.Civ.P. 12(b)(1) and (6).

### I. BACKGROUND

Plaintiff Kenneth A. McCready is a law school graduate who has passed the state bar examination. During the pendency of the investigation of his character and fitness to practice law, and before a final decision to grant or deny his application has been made, plaintiff commenced this action pro se, contesting the defendant State Bar Standing Committee's manner of proceeding with his application. His original complaint consisted of three claims, all three of which are included in his first amended complaint. In the meantime, however, the Court dismissed two of the original three claims.

The amended complaint represents an attempt to correct defects identified by the Court's opinion and order of partial dismissal dated March 31, 1995. See *McCready v. Michigan State Bar Committee*, 881 F.Supp.

300 (W.D.Mich.1995). Plaintiff was entitled to file his amended complaint as of right under Fed.R.Civ.P. 15(a), because defendant had failed to file an answer to his original complaint. In addressing defendant's motion to dismiss the amended complaint, it is helpful to review the original complaint and the Court's order of partial dismissal.

In count I of his original complaint, plaintiff complained of unlawful discrimination based on his "disabilities." Specifically, he charged that to the extent the defendant Standing Committee might consider evidence of his disabilities—identified by plaintiff as "physical and mental impairments of alcoholism and various personality disorders"—in a formal hearing on his application, it would discriminate against him in violation of the ADA. Count II asserted a procedural due process claim under 42 U.S.C. § 1983. Plaintiff alleged that to the extent defendant would consider hearsay at the formal hearing, denying him the opportunity to cross-examine witnesses, it threatened to deprive him of liberty or property (licensure) without due process. In count III, plaintiff alleged defendant has failed to conduct a self-evaluation of its compliance with ADA regulations binding on public entities, in violation of 28 C.F.R. Part 35.

The Court dismissed counts I and II, finding them barred by the *Feldman* rule. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). That is, the Court concluded it lacked subject matter jurisdiction because the complained of anticipated actions arose in the course of "state court proceedings" and were adjudicatory in nature, not generally applicable exercises of rulemaking or administrative authority. The Court denied defendant's motion to dismiss count III, holding that the ADA self-evaluation requirements may be enforced through a private cause of action.

Now, in count I of his amended complaint, plaintiff reasserts his ADA discrimination claim. Plaintiff attempts to circumvent the Court's order of dismissal by including additional allegations concerning defendant's objectionable generally applicable policies or practices. In count II, he complains that defendant has delayed the processing of his application in retaliation for his having filed this action, in violation of the ADA, 42 U.S.C. § 12203. Count III is a restatement of plaintiff's original claim that defendant is in violation of the ADA self-evaluation requirements. In count IV, plaintiff reasserts, under 42 U.S.C. § 1983, his objection to defendant's threatened admission of hearsay evidence as a due process violation. And count V asserts a new § 1983 claim, contending that defendant's discriminatory treatment of him because of a disability represents a denial of equal protection.

In moving to dismiss the amended complaint, defendant contends, *inter alia*, that counts I, II, IV and V all challenge actions which are inextricably intertwined with plaintiff's own application proceedings and necessarily entail review of state judicial proceedings impermissible under *Feldman*. Defendant also challenges count III, contending that even if a private right of action exists to enforce ADA self-evaluation requirements, plaintiff has failed to state a valid claim.

## II. LAW OF THE CASE

The first question posed by plaintiff's amended complaint is whether his attempt to reassert claims already dismissed should be barred by the law of the case doctrine. "Under the doctrine of the law of the case, a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *United States v. Todd*, 920 F.2d 399, 403 (6th Cir.1990); see also, *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir.1994). The purpose of the doctrine is to prevent continued litigation of settled issues. *Todd, supra.* The doctrine does not absolutely foreclose reconsideration of issues already decided; it is a discretionary tool designed to promote judicial efficiency. *Id.*; see also, *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991), *cert. denied*, 502 U.S. 821, 112 S.Ct. 81, 116 L.Ed.2d 54 (1991). As a rule, however, courts should be loathe to revisit prior decisions absent extraordinary circumstances, such as where substantially different evidence is presented,

or where controlling legal authority has changed, or where the initial decision was clearly erroneous and would work a manifest injustice. *Moored, supra; Moses, supra,* citing *Arizona v. California,* 460 U.S. 605, 618, n. 8, 103 S.Ct. 1382, 1391, n. 8, 75 L.Ed.2d 318 (1983).

Two of plaintiff's new claims are identical in nature to the two claims already dismissed for lack of subject matter jurisdiction. First, count I reasserts plaintiff's claim of unlawful discrimination under the ADA. Plaintiff maintains the new claim is materially different. He argues it describes more specifically defendant's generally applicable policies or practices and demonstrates that this is a matter proper to this Court's jurisdiction. Plaintiff further asks the Court to accept his allegations as true for purposes of the motion to dismiss.

█ As explained in the earlier ruling, the Court is not obliged to accept the truthfulness of plaintiff's allegations in the face of defendant's jurisdictional challenge under Fed.R.Civ.P. 12(b)(1). The Court is free to weigh evidentiary matters in determining whether it has the power to hear the case, and plaintiff as the burden of demonstrating that it does. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994); *Ohio Nat'l Life Ins. Co. v. United States,* 922 F.2d 320, 324 (6th Cir.1990); *Moir v. Greater Cleveland Regional Transit Authority,* 895 F.2d 266, 269 (6th Cir.1990).

When the Court initially dismissed plaintiff's ADA discrimination claim under Rule 12(b)(1), it did so after considering significant factual material provided by defendant. The factual material, relating to the history of plaintiff's character and fitness examination proceedings, revealed that plaintiff's vague allegations of generally applicable discriminatory policies were not supported by facts. The Court concluded that defendant's requirement that plaintiff submit to psychiatric and physical examination was not the function of discriminatory policy, but was precipitated by disclosure of plaintiff's history of alcohol-related misconduct. The actions complained of were revealed to be discretionary and adjudicatory in nature, responsive to the unique facts and circumstances of plain-

tiff's application. The *Feldman* rule thus required dismissal.

Plaintiff's attempt to state the claim more artfully is to no avail. The amended claim does not avoid or overcome the facts of which the Court has already taken cognizance. The amended claim does not, therefore, undermine the rationale of the earlier dismissal. Plaintiff alleges that defendant discriminates against persons with disabilities by making unnecessary inquiries about their disabilities, by employing discriminatory standards and eligibility criteria, and by requiring them to submit to unnecessary and irrelevant examinations at their own expense. Yet, again, plaintiff makes no response to the factual materials already submitted by defendant. He still has presented no evidence that he or any other applicant has been subject to a generally applicable discriminatory requirement. He thus fails to carry his burden of showing that his challenge to defendant's ongoing proceedings is properly subject to this Court's jurisdiction.

Plaintiff has failed to persuade the Court that its earlier dismissal of his ADA discrimination claim was clearly erroneous. Count I of the first amended complaint asserts a claim which is materially indistinguishable. Under the law of the case doctrine, and for the reasons stated in the Court's earlier opinion and order of partial dismissal, count I of the first amended complaint must be dismissed.

█ In count II of the amended complaint, plaintiff alleges defendant has retaliated against him by delaying the processing of his application. This is a new claim; and the law of the case doctrine does not control. However, the allegations undeniably arise out of plaintiff's own application proceedings, do not implicate any generally applicable policy or practice, and, per *Feldman,* therefore, present a claim not cognizable in this Court. Accordingly, count II must also be dismissed for the reasons stated in the Court's earlier opinion.

█ Count IV of the amended complaint states a claim for denial of procedural due process materially indistinguishable from the claim contained in count II of the original

complaint, which was dismissed. Plaintiff alleges defendant routinely accepts hearsay evidence in its proceedings, which denies applicants the opportunity to cross-examine witness unless they bear the expense of calling them. Plaintiff maintains he is complaining of a general practice and there is nothing on the face of his allegations suggesting that this claim is inextricably intertwined with his own application. The Court refused earlier, and refuses again, to accept plaintiff's characterization.

As observed by the Court in the earlier ruling, defendant is "guided" in the admission of evidence at formal hearings by the rules of evidence. Defendant must, therefore, in the exercise of its discretion, independently evaluate the admissibility of each exhibit and each witness's testimony under those rules. That defendant may frequently admit hearsay evidence hardly suggests a due process violation, for the rules of evidence recognize, consistent with due process, numerous exceptions to the hearsay rule. Further, that defendant may frequently exercise its discretion to admit hearsay evidence hardly suggests the existence of a generally applicable policy or practice. Each item of evidence requires its own evidentiary ruling, the rightfulness or wrongfulness of which must be evaluated on its own merits. Such discretionary or adjudicatory decisions do not become, solely by virtue of their frequency, administrative or ministerial in nature. Review of such decisions is therefore properly left to the Board of Law Examiners and the Michigan Supreme Court. Under the *Feldman* rule, this Court clearly lacks subject matter jurisdiction over the claim contained in count IV.

■ Count V presents a new claim, but it suffers from the same jurisdictional defect as the others. Plaintiff's allegations that defendant's discriminatory practices deny him equal protection no more avoid the *Feldman* rule than do his allegations of unlawful discrimination under the ADA. In response to defendant's Rule 12(b)(1) motion, plaintiff has failed to support his allegations with any evidence suggesting the existence of an identifiable generally applicable policy or practice that discriminates against applicants on the basis of a disabling condition. Plaintiff has not carried his burden of demonstrating that this Court has jurisdiction over the subject matter of count V.

## III. SELF–EVALUATION REQUIREMENTS

■ Count III of the amended complaint contains plaintiff's claim for violation of the ADA self-evaluation requirements. The Court denied defendant's motion to dismiss this claim in the original complaint, holding only that such a private cause of action does exist. Defendant challenges the claim anew under Rule 12(b)(6), contending that, even if such a cause of action exists, plaintiff has failed to state a valid claim. Defendant contends, *inter alia*, that such a claim is available only to remedy *discrimination* on the basis of a "disability."

■ Indeed, an action to compel compliance with the self-evaluation requirements of 28 C.F.R. Part 35 must be premised on disability-related discrimination. See 28 C.F.R. § 35.172(b); 42 U.S.C. § 12133. To state a valid claim for enforcement of the self-evaluation requirements, plaintiff must allege a clear causal connection between defendant's failure to evaluate its services and his asserted injury. *Concerned Parents v. City of West Palm Beach,* 884 F.Supp. 487, 490 (S.D.Fla.1994).

Count III does not include an allegation identifying how defendant's non-compliance with the self-evaluation requirements caused injury to plaintiff. It does, however, incorporate all prior allegations by reference. Thus, plaintiff may fairly be deemed to have alleged that he would not have been discriminatorily required to submit to certain inquiries and examinations but for defendant's failure to properly evaluate its services.

Defendant argues plaintiff has failed to identify the disabling impairment or condition based upon which he and others have allegedly been discriminated against. "Disability" is defined as a physical or mental impairment that substantially limits one in one or more of his or her major life activities. 42 U.S.C. § 12102(2). Defendant acknowledges that plaintiff has alleged that he

"either has, has a record of having, has a history of, is misclassified as having, or is regarded as having various physical and mental impairments, including alcoholism and various personality disorders ... which substantially limit one or more of his major life activities...." However, in view of the factual materials already submitted in connection with defendant's motion under Rule 12(b)(1), which refute these allegations, defendant argues the allegations are not entitled to a presumption of truthfulness.

From the earliest stages of this litigation, defendant has insisted that plaintiff was required to submit to physical and psychological examination in order to demonstrate his fitness to practice law, because of his past conduct, not because of any condition or impairment. The history of proceedings supports defendant's position. In view of these circumstances, defendant maintains, plaintiff cannot show either that he has been discriminated against because of a disability or that the Standing Committee's full compliance with the self-evaluation requirements would have prevented such discrimination.

Normally, a motion to dismiss under Rule 12(b)(6) is decided based on scrutiny of the complaint alone. However, where as here matters outside the pleadings are presented and not excluded by the Court, the motion must be considered as a motion for summary judgment under Fed.R.Civ.P. 56. Fed.R.Civ.P. 12(b)(6); *United Brotherhood of Carpenters & Joiners v. Ohio Carpenters Health & Welfare Fund*, 926 F.2d 550, 558 (6th Cir.1991). Here, defendant has relied on matters outside the pleadings in response to plaintiff's motion for a preliminary injunction and in support of its initial motion to dismiss in an effort to show that its alleged "discriminatory" treatment of plaintiff was based on conduct, not condition. Plaintiff has been well aware of defendant's reliance on these materials and has had ample opportunity to respond. The significance of these materials to the maintainability of all of plaintiff's claims has been obvious. Therefore, plaintiff is not unfairly prejudiced by treatment of the motion to dismiss count III as a motion for summary judgment. See *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351 (6th Cir.1989), *cert. denied*, 494 U.S. 1079, 110 S.Ct. 1807, 108 L.Ed.2d 938 (1990). It follows that defendant's motion to dismiss count III under Rule 12(b)(6) is properly treated as a motion for summary judgment under Rule 56.

A motion under Rule 56 requires the Court to look beyond the pleadings and evaluate the facts to determine whether there is any genuine issue of material fact that warrants a trial. See generally *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). Once the movant identifies elements of a claim that appear not to be supported by evidence, the non-movant must present affirmative evidence tending to show a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue of fact concerns "material" facts only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of plaintiff's case necessarily renders all other facts immaterial. *Celotex, supra*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Further, production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson, supra*, 477 U.S. at 251, 106 S.Ct. at 2511. The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Court has discretion to grant the motion if the claim is, in the factual context, implausible. *Id.; Barnhart, supra*, 12 F.3d at 1389.

The materials submitted by defendant indicate that it made inquiry regarding plaintiff's mental and physical condition because of his history of alcohol abuse, a history manifested by a significant record of civil infraction and misdemeanor convictions and arrests. A transcript of a prehearing confer-

ence conducted by defendant on June 22, 1994, indicates the standing committee viewed evidence of plaintiff's history of alcohol abuse as relevant to determining whether such conduct is continuing and might affect his ability to exercise sound judgment in the practice of law. Finally, defendant represents that it completed the formal hearing and, on February 8, 1995, issued a report and recommendation to the Board of Law Examiners, finding that plaintiff's past alcohol abuse was not a continuing problem and did not render him unfit, but recommending against certification for other reasons.

Defendant thus has identified elements of plaintiff's claim that do not appear to be supported by evidence. That is, defendant has made at least a prima facie showing that plaintiff's mental and physical condition was inquired into for reasons unrelated to any perceived "disability." Defendant has also made a prima facie showing that plaintiff has suffered no injury that would have been prevented by its compliance with the ADA self-evaluation requirements. Plaintiff has not responded by presenting affirmative evidence tending to show a genuine dispute of material fact. Instead, he argues that summary judgment would be premature and that he is entitled to conduct discovery in order to develop facts in support of his claim.

The Court is not sympathetic. Plaintiff's application has been the subject of State Bar proceedings for over two years. If during that period he has not obtained evidence supporting his claim that defendant's failure to evaluate its services under the ADA requirements has resulted in disability-related discrimination against him, it is unlikely that such evidence exists. Further, defendant's unrebutted legitimate non-discriminatory reason for its treatment of plaintiff's application strongly suggests that plaintiff's theory is, in the factual context, simply implausible. *Barnhart, supra,* 12 F.3d at 1389; *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479–80 (6th Cir.1989). Under these circumstances, moreover, plaintiff's nebulous assertions about the possible fruits of future discovery will not forestall summary judgment. See *Gordon v. Barnes Pumps, Inc.,* 999 F.2d 133, 138 (6th Cir.1993). Notwithstanding ample

opportunity to do so, plaintiff has failed to adduce factual support for this claim upon which a reasonable trier of fact could return a verdict in his favor.

Accordingly, the Court concludes, under Rule 56, that there is no genuine issue of material fact on plaintiff's count III claim and that defendant is entitled to judgment as a matter of law.

## IV. CONCLUSION

In sum, the Court concludes that defendant's motion to dismiss should be GRANTED in its entirety. The Court lacks jurisdiction over the claims asserted in counts I, II, IV and V. Defendant is entitled to summary judgment on the claim asserted in count III. An order of dismissal consistent with this opinion shall issue forthwith.

## ORDER OF DISMISSAL

In accordance with the Court's written opinion of even date,

IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that plaintiff's complaint is DISMISSED in its entirety.