United States Court of Appeals,

Eleventh Circuit.

No. 96-3662

Non-Argument Calendar.

Thomas H. DALE, Plaintiff-Appellant,

v.

John H. MOORE and State of Florida, Defendants-Appellees.

Sept. 9, 1997.

Appeal from the United States District Court for the Northern District of Florida. (No. 95-40131-WS), William Stafford, Judge.

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Appellant Thomas H. Dale ("Dale") appeals the district court's judgment dismissing his complaint wherein Dale alleges that the defendants discriminated against him in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12133, *et seq.* during their review of his application for admission to the Florida Bar. Because we conclude that under the *Rooker-Feldman*[1] doctrine, the district court lacks subject matter jurisdiction over Dale's complaint, and the ADA does not authorize independent federal appellate review of final state court decisions, we affirm the district court's judgment.

## I. *BACKGROUND*

Dale, an attorney currently licensed to practice law in the State of Florida, filed an amended complaint in federal district court alleging that the State of Florida and John Moore, the Executive Director of the Florida Board of Bar Examiners ("FBBE"), discriminated against him by hindering or precluding his admission to the Florida Bar on account of an alleged disability. Dale, who initiated this action while his application to the Florida Bar was pending, alleges that he was diagnosed with "bipolar dysfunction" disorder in 1989. Dale contends the defendants obtained his

---

[1] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

medical records and, thereafter, prepared a document referred to as "Specifications" that summarized his medical condition. Dale alleges that the document was a "gross and intentional distortion" evidencing an "intent to impugn plaintiff's ability to practice law." (R1-225 at 2.) Additionally, Dale alleges that the defendants contrived his disability and illegally considered the disability as a factor in evaluating his application to practice law. Dale sought monetary and injunctive relief under the ADA.

The defendants filed motions to dismiss. Specifically, the State of Florida noted that the FBBE recommended Dale for admission to the bar and the Supreme Court of Florida confirmed the FBBE's recommendation and admitted him to the Florida Bar on June 21, 1995.

The case was referred to a magistrate judge who recommended that the district court dismiss Dale's complaint. The magistrate judge found that the confirmation by the Florida Supreme Court of the FBBE's recommendation constituted a state court decision. Thus, the magistrate judge concluded that the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because it would be required to review a final state court judicial decision to adjudicate Dale's complaint. The magistrate judge also found that the ADA does not provide an independent source of federal jurisdiction over Dale's cause of action.

None of the parties filed objections to the magistrate judge's report and recommendation. Consequently, the district court adopted the report and dismissed Dale's amended complaint with prejudice. Dale then perfected this appeal.

## II. *DISCUSSION*

### A. *Subject Matter Jurisdiction.*

Dale contends that the *Rooker-Feldman* doctrine is inapplicable because the confirmation by the Florida Supreme Court of the FBBE's recommendation to accept his application for bar admission did not constitute a state court decision. In addition, he argues that because he commenced his suit before he was admitted to the Florida Bar, his subsequent confirmation is irrelevant. Moreover, Dale asserts that he seeks relief only from the defendants' intentional

2

discrimination in falsely portraying him as disabled, impaired, or otherwise unfit for admission to practice in the Florida Bar. He specifically states that his complaint does not seek review of the Florida Bar admission process.

The defendants respond that because Dale does not make a constitutional challenge to Florida's general rules and procedures governing the admission to the state's bar, that the district court properly found that it lacked subject matter jurisdiction. In any event, the defendants argue that Dale's allegations are inextricably intertwined with the Florida Supreme Court's final decision on Dale's application.

This court reviews a district court's finding that it lacks subject matter jurisdiction *de novo*. *Sims v. Trus Joist MacMillan,* 22 F.3d 1059, 1060 (11th Cir.1994). It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. at 476, 103 S.Ct. at 1311; *Rooker v. Fidelity Trust Co.,* 263 U.S. at 416, 44 S.Ct. at 150.

As a preliminary matter, contrary to Dale's assertions, the confirmation by the Florida Supreme Court of the FBBE's recommendation to accept Dale's application to the Florida Bar is a judicial proceeding that constitutes a case and controversy. *See Feldman,* 460 U.S. at 478-79, 103 S.Ct. at 1312-13 (citing *In re Summers,* 325 U.S. 561, 567-69, 65 S.Ct. 1307, 1311-12, 89 L.Ed. 1795 (1945)). Thus, the *Rooker-Feldman* doctrine is applicable to this case.

Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *See Hollins v. Wessel,* 819 F.2d 1073, 1074 (11th Cir.1987). Federal district courts may not exercise jurisdiction to decide federal issues which are inextricably intertwined with a state court's judgment. *Blue Cross and Blue Shield of Maryland, Inc. v. Weiner,* 868 F.2d 1550, 1554 (11th Cir.1989). A district court engages in impermissible appellate review when it entertains a claim that the litigants did not argue in the state court, but is inextricably intertwined with the state court judgment. *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. at 1316 n. 16. The *Rooker-Feldman* doctrine applies as long as the party had a

3

reasonable opportunity to raise his federal claims in the state court proceedings. *Wood v. Orange County,* 715 F.2d 1543, 1547 (11th Cir.1983). If the party had no reasonable opportunity, this court considers "that the federal claim was not "inextricably intertwined' with the state court's judgment." *Powell v. Powell,* 80 F.3d 464, 467 (11th Cir.1996).

This court has previously applied the *Rooker-Feldman* doctrine to actions brought by rejected applicants to the Florida Bar. In *Berman v. Florida Bd. of Bar Examiners,* 794 F.2d 1529 (11th Cir.1986), an unsuccessful applicant to the Florida Bar filed a § 1983 action in federal district court seeking admission to the Bar. This court affirmed the district court's dismissal of the action on jurisdictional grounds, holding that:

> [i]n essence there are two types of claims which a frustrated bar applicant might bring in federal court: (1) A constitutional challenge to a state's general rules and procedures governing admission to the state's bar; or (2) A claim, based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant. Federal district courts have jurisdiction over the first type of claim but not the second.

*Id.* at 1530; *see also Kirkpatrick v. Shaw,* 70 F.3d 100, 102 (11th Cir.1995) ("The district court correctly determined that it had subject matter jurisdiction only over [plaintiff's] facial challenge to the constitutionality of Florida's general rules and procedures governing admission to the bar[.]"); *Johnson v. State of Kansas,* 888 F.Supp. 1073, 1081-86 (D.Kan.1995) (unsuccessful applicant to Kansas Bar with chronic bipolar affective disorder alleged discrimination under the ADA; court held that applicant's claims were inextricably intertwined with Kansas Supreme Court's decision not to admit applicant to Kansas Bar), *aff'd,* 81 F.3d 172 (10th Cir.1996) (Table). Thus, it is clear that the *Rooker-Feldman* doctrine forbids frustrated Florida bar applicants from seeking an effective reversal of the Florida Supreme Court's decision in federal district court.

This case differs from *Berman, Kirkpatrick,* and *Johnson* in that the Florida Supreme Court admitted Dale to the Florida Bar. Dales does not seek reversal of that decision. Instead, he seeks relief under the ADA for the FBBE's alleged disability discrimination against him in conducting a judicial inquiry into his fitness to practice law in Florida pursuant to the Rules of the Supreme Court

4

of Florida Relating to Admission to the Bar.[2]  Resolution of Dale's ADA claim would require the federal district court to review the application of these rules to the particular factual circumstances of Dale's case.  Dale's claim is inextricably intertwined with the state judicial proceeding.

Moreover, Dale had an opportunity to raise his claim in the state court proceeding.  Dale was given notice of the "Specifications" report detailing his alleged mental problem before he was admitted to the Florida Bar and before he filed this suit.  Article 3, § 3(d) of the Florida Supreme Court's Rules Relating to Admission to the Bar allows an applicant to file an answer to the Specifications.  Dale's answer could have complained that the FBBE's consideration of his alleged mental illness violated the ADA.  Additionally, Article 3, § 4(b) of the Rules permits an applicant "who is dissatisfied with the Board's recommendation" to file a petition with the Florida Supreme Court.  Although the FBBE recommended that Dale be admitted to the Bar, Dale was nonetheless dissatisfied with the FBBE's recommendation and could have filed a petition.

In sum, Dale's ADA claim is inextricably intertwined with the state's judicial proceedings relating to his bar admission.  The Florida Supreme Court's bar admission rules afforded Dale an opportunity to challenge the FBBE's consideration of his alleged mental illness.  Therefore, we agree with the district court's dismissal of Dale's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

B. *Independent Federal Appellate Review—ADA.*

Without citing any authority, Dale argues that the ADA provides an independent source of federal court jurisdiction.  In response, the state contends that the ADA provides no such exception to the application of the *Rooker-Feldman* doctrine.  Defendant Moore contends that whether the *Rooker-Feldman* doctrine applies to civil actions filed under the ADA is academic as it pertains to him, because this court has held that the ADA does not provide for individual liability, only for employer liability.  *See Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996) ("[T]he Disabilities Act does not provide for individual liability, only for employer liability.").

---

[2]We do not decide whether such a claim would have merit under the ADA.

5

An exception to the *Rooker-Feldman* doctrine exists where a federal statute authorizes federal appellate review of final state court decisions. *See, e.g., Young v. Murphy,* 90 F.3d 1225, 1230 (7th Cir.1996). For example, Congress has authorized federal district courts to review state court decisions in habeas corpus proceedings. *See id.; see also Sumner v. Mata,* 449 U.S. 539, 543-44, 101 S.Ct. 764, 767, 66 L.Ed.2d 722 (1981).

There have been relatively few cases involving bar applicants who filed civil actions under the ADA relating to bar admission procedures and decisions. These cases, however, have uniformly held that the ADA does not provide an independent source of federal court jurisdiction that overrides the application of the *Rooker-Feldman* doctrine. *See Johnson,* 888 F.Supp. at 1080 ("Subjecting public entities to the terms of the ADA is not the same as giving federal district courts appellate jurisdiction over state court judgments."); *McCready v. Michigan State Bar Standing Comm. on Character and Fitness,* 926 F.Supp. 618, 620 (W.D.Mich.1995) (plaintiff alleged that defendants might discriminate against him by conducting a hearing on his fitness and considering evidence of his alcoholism and personality disorders; court dismissed plaintiff's amended complaint, holding that the *Rooker-Feldman* doctrine barred all claims arising from the ADA), *aff'd,* 100 F.3d 957 (6th Cir.1996) (Table). We agree with these cases that the ADA does not authorize federal appellate review of final state court decisions.

For the foregoing reasons, we affirm the district court's judgment of dismissal.

AFFIRMED.