**Byron R. BRONSTEIN, Plaintiff,**

v.

**SUPREME COURT OF COLORADO, Defendant.**

**No. CIV. A. 97–K–1622.**

United States District Court, D. Colorado.

Nov. 4, 1997.

Bryon R. Brownstein, Arvada, CO, pro se.

Dianne E. Eret, Attorney General's Office, General Legal Services Section, Denver, CO, for Defendant.

## ORDER OF DISMISSAL

KANE, Senior District Judge.

■ Plaintiff is a Colorado bar applicant with a history of mental illness. He is suing the Colorado Supreme Court for rejecting his application, claiming the rejection violated the Americans with Disabilities Act (ADA) and violated his due process and equal protection rights under the United States Constitution. For his relief, Plaintiff seeks "a reversal" of the Court's decision denying him admission and an unspecified amount of compensatory damages. Under the rule articulated in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), I lack subject matter jurisdiction over this case.[1]

---

1. I pause briefly to describe the circuitous route by which this issue was raised. This matter was reassigned to me from the docket of another district court judge in August 1997. At the time there was pending an Order to Show Cause requiring Bronstein, who was proceeding *pro se* and *in forma pauperis*, to show cause as to why his ADA claim should not be dismissed *sua sponte* under 28 U.S.C. § 1915 for failure to exhaust administrative remedies. Notwithstanding the prescription in § 1915(d) for service, no summons had been issued nor service on defendant effected.

I received the file after Bronstein had filed two responses to the Order to Show Cause desperately trying to preserve his ADA claim. Concerned with what I perceived to be an improper and unworkable application of § 1915(e), *see Mitchell v. Farcass*, 112 F.3d 1483, 1490–93 (11th Cir. 1997) (Lay, J., concurring) (applying *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832–33, 104 L.Ed.2d 338 (1989) (litigants proceeding *in forma pauperis* are entitled to the procedural protections of the adversary process and an opportunity to amend unless claims "indisputedly meritless")), I began to prepare an order vacating the Order to Show Cause and directing service on Defendant. Before I could issue the order, however, and without any indication in the record that a summons had issued, service was apparently effected. I received a copy of a Return of Service dated August 29,

According to the Supreme Court:

United States District Courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari].

*Feldman,* 460 U.S. at 486, 103 S.Ct. at 1317. *Feldman,* like the present case, involved a bar applicant's challenge to the decision of an admissions committee, affirmed by the highest court of the particular district, to admit him to the bar. The Supreme Court dismissed Feldman's suit, reasoning that, where "the constitutional claims presented to a district court are inextricably intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's application for admission to a state bar, then the District Court is in essence being called upon to review the state court decision." *Feldman,* 460 U.S. at 483–84 n. 16, 103 S.Ct. at 1316 n. 16.

*Feldman* thus requires district courts to "distinguish between general challenges to state bar rules as promulgated and challenges to state court decisions in particular cases." *Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1433 (10th Cir.1984) (finding district court had jurisdiction under *Feldman* over § 1983 action brought by suspended attorney against Colorado Supreme Court seeking declaratory judgment that Colorado procedure for disciplining attorneys violated due process clause of Fourteenth Amendment). The distinction, the Tenth Circuit has noted, involves the question of whether the district court is reviewing state bar rules "as promulgated" versus "as applied by the state court to the particular factual circumstances of a case," and "is often difficult to draw." *Id.*

Unfortunately for Plaintiff Bronstein, the dismissal of complaints asserting claims such as his have proven the least problematic for federal district courts. Every court that has considered a complaint like Bronstein's has dismissed it for lack of subject matter jurisdiction under *Feldman.* In *Johnson v. State of Kansas,* 888 F.Supp. 1073, 1081–86 (D.Kan.1995), for example, an unsuccessful applicant to the Kansas Bar diagnosed with chronic bipolar affective disorder alleged discrimination under the ADA and sought a reversal of the Kansas Supreme Court's decision to reject him for admission to the bar. The court held the applicant's claims were "inextricably intertwined" with the state supreme court's decision in a particular case and dismissed the complaint. The decision was affirmed by the Tenth Circuit without opinion at 81 F.3d 172 (10th Cir.1996)(Table).

A similar result was obtained recently in *Dale v. Moore,* 121 F.3d 624, 627 (11th Cir. 1997), where the Eleventh Circuit Court of Appeals affirmed the district court's determination that it was without jurisdiction to consider a bar applicant's claims for monetary and injunctive relief under the ADA. The district court dismissed plaintiff's claims challenging the Florida Board of Bar Examiners' alleged efforts to hinder or preclude his admission to the bar based on his diagnosis as having bipolar dysfunction disorder, finding the Florida Supreme Court's confirmation of the Board's recommendation constituted a final state court decision not subject to review under *Feldman.* *Id.* at 625.

In essence, there are two types of claims that a frustrated bar applicant might bring in federal court: (1) a constitutional challenge to a state's general rules and procedures governing admission to that state's bar; or (2) a claim, based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant. *Berman v. Florida Bd. of Bar Examiners,* 794 F.2d 1529, 1530 (11th Cir.1986). Federal district courts have jurisdiction over the first type of claim, but not the second. *Compare Berman* at 1530

1997, filed with the court on September 9, 1997. I granted Defendant until September 26 to answer or otherwise respond to Plaintiff's Complaint, and Defendant's moved to dismiss.

(§ 1983 action by unsuccessful bar applicant seeking declaration that denial unlawful and requesting admission to bar properly dismissed as second type of claim) *with Kirkpatrick v. Shaw,* 70 F.3d 100, 102 (11th Cir. 1995) (district court correctly determined that it had subject matter jurisdiction only over plaintiff's facial challenge to the constitutionality of Florida's general rules and procedures governing admission to bar, not over his challenge to Board's denial of his application).

Bronstein's claims, which seek a "reversal" of the Colorado Supreme Court's decision to deny him admission to the Colorado Bar and "monetary compensation" for his expenses and lost income resulting from the denial, fall clearly into the second category of claims and would require me to review a final decision of the Colorado Supreme Court in a particular case. I am without authority to do so. Review of the Colorado Supreme Court's decision may be had, if at all, by the United States Supreme Court on writ of certiorari.

 Finally, I reject any assertion that the Americans with Disabilities Act (ADA) provides an independent source of federal jurisdiction in this case. *See Johnson,* 888 F.Supp. at 1080 ("[s]ubjecting public entities to the terms of the ADA is not the same as giving federal district courts appellate jurisdiction over state court judgments"); *Dale,* 121 F.3d at 628 (unlike federal *habeas corpus* statutes, ADA does not provide an independent source of federal court jurisdiction that overrides the application of the Rooker–Feldman doctrine) (citing *Johnson* and *McCready v. Michigan State Bar Standing Comm. on Character & Fitness,* 926 F.Supp. 618, 620 (W.D.Mich.1995) (Rooker–Feldman doctrine barred all claims arising from the ADA), *aff'd,* 100 F.3d 957 (6th Cir.1996)). I agree with these courts that the ADA, unlike the federal *habeas corpus* statutes, does not grant district courts appellate jurisdiction to review, reverse or invalidate final decisions of the state supreme courts rejecting applications for admission to the bar.

Accordingly, IT IS ORDERED that Bronstein's Complaint is DISMISSED for lack of subject matter jurisdiction. The dismissal shall be without prejudice, with the parties to bear their own costs.