[DO NOT  PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-16027
Non-Argument Calendar
_____

D. C. Docket No. 04-60231-CV-JIC

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 17, 2005
THOMAS K. KAHN
CLERK

CALVIN DAVID FOX,

                                        Plaintiff-Appellant,

                    versus

STATE OF FLORIDA,
JOHN F. HARKNESS,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 17, 2005)

Before ANDERSON, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Calvin David Fox appeals the district court's dismissal of his civil rights action brought pursuant to 42 U.S.C. § 1983. Fox's complaint seeks to challenge the Florida Supreme Court's decision upholding the suspension of his law license. We conclude that the district court lacked jurisdiction to hear this case under the doctrine set forth in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), and therefore affirm.

I.     Facts

Fox's complaint alleges due process violations in Florida's suspension of his law license. According to the complaint, John Serbin, the husband of one of Fox's clients, filed a complaint against Fox with The Florida Bar alleging that Fox failed to return monies obtained during his representation of Linda Serbin, John's wife. After an investigation, the bar's grievance committee requested that Fox turn over documentation of the representation and of the related financial accounts. After Fox repeatedly failed to produce the requested documents, the bar subpoenaed them. When Fox again failed to produce them, the grievance committee held a hearing on the issue of his failure to comply. Fox was unable to attend due to a scheduling conflict, for which the committee refused to reschedule the hearing. At the hearing the grievance committee found no good cause for Fox's failure to comply.

2

Fox responded to the grievance committee ruling and was granted a rehearing before a referee. At the rehearing, Fox admitted his non-compliance with the subpoena and agreed to produce the records, but contested the proceedings on due process grounds. The referee therefore ruled that if Fox failed to produce the documents, his license would be suspended until he complied. Fox then moved to vacate the referee's recommendations, but his motion was denied. Fox later petitioned for review by the Florida Supreme Court, which upheld the suspension. Fox's subsequent petition for rehearing before the state supreme court was denied.

Fox then filed the present action against the State of Florida in federal district court in the Southern District of Florida.[1] He alleged that the state violated his due process rights under the Florida and federal constitutions. The complaint requested declaratory and injunctive relief, quashing the disciplinary proceedings and reinstating Fox to the bar, as well as damages in the amount of $5,000,000. The state filed a motion to dismiss the complaint.

Fox later filed an amended complaint which added the Florida Supreme Court, The Florida Bar, and six bar officials as defendants. This complaint was never served

---

[1] The complaint was served on John Harkness, Executive Director of The Florida Bar. "In an abundance of caution" due to ambiguities in the complaint, Harkness filed a motion to dismiss below, which was granted along with the state's. Harkness was not a named party, however, in either the original or the amended complaint.

3

on The Florida Bar or any of the bar-related defendants. The district court granted the State's motion to dismiss the amended complaint, finding that the Rooker-Feldman doctrine applied, and closed the case. Fox then brought the instant appeal.

II.    Standard of Review

We review the district court's determination of subject-matter jurisdiction de novo. Goodman ex rel. Goodman v. Sipos, 259 F.2d 1327, 1331 (11th Cir. 2001). A federal court is obligated to dismiss a case if it determines that it lacks subject-matter jurisdiction, and any party or the court sua sponte may raise the issue at any stage of the proceedings. Id. at 1331 n.6. The court may consider evidence outside the pleadings in determining its subject-matter jurisdiction. Id.

III.    Discussion

Fox contends that the Rooker-Feldman doctrine does not preclude federal jurisdiction over his complaint. Under the doctrine, federal courts lack jurisdiction to review matters previously adjudicated in state court, as well as matters "inextricably intertwined" with the state court judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). A federal case is "inextricably intertwined" where the federal claim can only succeed to the extent that the state court wrongly decided the issues before it. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir.

4

2001). If a party had the opportunity to raise federal claims in a state court proceeding, the failure to raise those claims in state court does not grant the district court jurisdiction over them. Id.; Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).

Fox contends that the conditions for application of the Rooker-Feldman doctrine are not met because there was no final judgment in state court, and because the bar's actions were not judicial in nature. In Feldman itself, the Supreme Court held that actions by a state bar are judicial actions. 460 U.S. at 477-80 (holding that a bar committee's decision to deny admission to the bar was a judicial action). We have held that bar disciplinary actions are judicial in nature for Rooker-Feldman purposes. In re Calvo, 88 F.3d 962, 965 (11th Cir. 1996). In the present case, The Florida Bar's activities had many characteristics of a judicial hearing: the grievance committee called witnesses, issued subpoenas, heard evidence, and made factual findings. As such, we find that the bar's actions were indeed judicial.

Because the bar's actions were judicial, the bar's temporary suspension constituted a final judgment. Furthermore, the Florida Supreme Court upheld the bar's order. Either of these rulings constitutes a final judgment for Rooker-Feldman purposes.

Fox also argues that he did not raise his due process arguments in the state proceeding, and that he should therefore be permitted to make those arguments in

federal court.  We hold, however, that Fox's claims under 42 U.S.C. § 1983 are "inextricably intertwined" with the state bar proceeding and the appeal, and that his constitutional arguments were properly made there.[2]  His federal remedy would have been a petition for certiorari to the United States Supreme Court from the ruling of the Florida Supreme Court, which he did not pursue.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[2]Because we hold that the due process issues are "inextricably intertwined" with the state bar proceeding, we need not decide whether Fox actually raised them properly in that proceeding.