[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 10, 2007
THOMAS K. KAHN
CLERK

No. 07-11830
Non-Argument Calendar

D. C. Docket No. 06-61504-CV-FAM

MATTHEW L. HIRSCHHORN,
DEBRA L. HIRSCHHORN,

                                        Plaintiffs-Appellants,

versus

HONORABLE DALE ROSS, as Chief
Administrative Judge of the 17th
Judicial Circuit, in and for
Broward County, Florida,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Florida

**(October 10, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This is an appeal from an order granting the defendant's motion to dismiss. The district court dismissed the action finding that the *Rooker-Feldman*[1] doctrine applied where the plaintiffs were seeking an order finding that prior rulings in a state court were void. Accordingly, the district court granted the defendant's motion to dismiss on the basis that the district court lacked subject matter jurisdiction. Plaintiffs then filed a motion for reconsideration which was also denied.

We review the dismissal of a complaint for lack of subject matter jurisdiction de novo. *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). "We review de novo a district court's dismissal under Rule 12(b)(6) for failure to state a claim, accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005) (quoting *Swann v. S. Health Partners, Inc.*, 388 F.3d 834, 836 (11th Cir, 2004)).

After reviewing the record and reading the parties' briefs, we conclude that the district court correctly applied the *Rooker-Feldman* doctrine where the plaintiffs were requesting the district court to declare a final state court judgment

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

void. Moreover, we observe that the plaintiffs' theory of liability against the defendant, who is a state court judge, is based entirely upon his status as Chief Judge of the 17th Judicial Court and does not relate to any act or omission on the defendant's part. In fact, the amended complaint does not allege that the defendant personally violated the plaintiffs' rights in any way. Indeed, the plaintiffs seek to hold the defendant vicariously liable for what the plaintiffs contend were erroneous rulings or acts committed by the other circuit court judges assigned to their case. The law is clear in this circuit that supervisory officials cannot be held liable under 42 U.S.C. § 1983 for the unconstitutional acts of their subordinates. *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 2428 (2007); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).[2]

Accordingly, we conclude that the district court appropriately granted the defendant's motion to dismiss, and we affirm the judgment of dismissal.

**AFFIRMED.**[3]

---

[2]Another basis for affirming the judgment of dismissal in this case is that as a judge, the defendant enjoys absolute immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1104-05 (1978); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

[3]Appellants' motion requesting oral argument is **DENIED.**