[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 9, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13909
Non-Argument Calendar

_____

D. C. Docket No. 07-00481-CV-W-N

ANTHONY L. CAREY,

Plaintiff-Appellant,

versus

GEORGE FREE,
Warden,
GRAY BICE,
Officer,
ANN LANGFORD,

Defendants-Appellees,

TROY KING,
Attorney General, Hon.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(April 9, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Carey, proceeding pro se, appeals the district court's dismissal of his civil rights action challenging the state court's denial of his state habeas petition. For the reasons that follow, we affirm.

Carey, a state prisoner, filed a state habeas petition, challenging a 2003 disciplinary proceeding during his incarceration. After the state court denied relief, Carey filed the instant civil action against Alabama Attorney General Troy King, Warden George Free, Officer Gray Bice, and Ann Langford. Construing that complaint as a civil action under 42 U.S.C. § 1983, the magistrate judge recommended dismissing the claims under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because the court lacked jurisdiction over the claims challenging the state court's decision and the claims against King were barred by absolute immunity. Carey filed no objections to the recommendation, and the district court dismissed the complaint in part.[1] Carey now appeals.

Pursuant to § 1915(e)(2)(B), the district court shall dismiss an in forma pauperis ("IFP") case at any time if it determines, inter alia, the action: "(i) is

_____

[1] On the magistrate judge's recommendation, the district court transferred the remaining claims challenging the disciplinary actions to the Northern District of Alabama, which was the district in which the alleged violations occurred.

2

frivolous or malicious; . . . or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

## I.

We review a district court's sua sponte dismissal for frivolity under § 1915(e)(2)(B)(i) for an abuse of discretion. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). We review a district court's finding that it lacks subject matter jurisdiction de novo. Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).

The "Rooker-Feldman[2] doctrine provides that federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts." Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249, 1265-66 n.11 (11th Cir. 2003). In order for the doctrine to apply: (1) the party in federal court must be the same as in the state court; (2) the state court ruling must be a final judgment on the merits; (3) the plaintiff in federal court had a reasonable opportunity to raise his claims in the state court proceeding; and (4) "the issue before the federal court was either adjudicated by the state court or inextricably intertwined with the state court's judgment." Id.

The Supreme Court has held that the Rooker-Feldman doctrine is confined

---

[2] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

3

to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

Because (1) this is the type of case to which the Supreme Court has determined the Rooker-Feldman doctrine applies, and (2) all of the Rooker-Feldman elements were met, the district court properly concluded that it lacked subject matter jurisdiction to consider Carey's challenge to the state court's denial of his habeas petition.

**II.**

We review dismissals pursuant to § 1915(e)(2)(B)(iii) de novo. State defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment. See Powell v. Barrett, 496 F.3d 1288, 1304, 1308 (11th Cir. 2007). We do not recognize vicarious liability, including respondeat superior, in § 1983 actions. Geobert v. Lee County, 510 F.3d 1312, 1331 (11th Cir. 2007).

Because Carey appears to have brought suit against King based on actions undertaken by his office as the attorney general, the district court correctly

4

concluded that King was absolutely immune from suit for money damages.

Accordingly, we **AFFIRM** the dismissal of Carey's complaint.