[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15824
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-02138-CV-RWS-1

ALHAJI SILLAH,

Plaintiff-Appellant,

versus

RODOLFO LARA,
Acting Atlanta District Director,
United States Citizenship and Immigration Services,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 24, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Alhaji Sillah, a native and citizen of Liberia, appeals the district court's order dismissing his "Emergency Motion for Adjudication of Complaint" ("Motion") for lack of subject matter jurisdiction. In the Motion, Sillah sought mandamus relief relating to the denial of his application for adjustment of status by the U.S. Citizenship and Immigration Services ("CIS"). More specifically, Sillah asked the district court to enter an order mandating that the CIS consider his Temporary Protected Status ("TPS") prior to adjudicating his adjustment-of-status application. The district court determined that Sillah's claim represented a legal challenge to the discretionary denial of relief, over which the district court lacked jurisdiction pursuant to § 242(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA").

Our review of subject matter jurisdiction is de novo. See Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997). After careful review we affirm the district court's dismissal for lack of subject matter jurisdiction.

The relevant facts are straightforward. Sillah entered the United States illegally in August 1994 and remained here unlawfully until 1996 when he was granted TPS under § 244 of the INA based on "'extraordinary and temporary conditions' caused by the past armed conflict" in Liberia. On September 20, 2006, the CIS issued a notice indicating that it would be terminating TPS for Liberian TPS beneficiaries, based on changed circumstances in Liberia. The notice provided that the Attorney

2

General had determined that "the extraordinary and temporary conditions that formed the basis of the [TPS] have improved such that they no longer prevent Liberians . . . from returning to their home country in safety."

On July 24, 2006, Sillah filed an application for adjustment of status, seeking lawful permanent residency in the United States based on his marriage to a United States citizen three months earlier. On June 20, 2007, the CIS denied Sillah's application, stating that the denial was based on Sillah's illegal entry into the United States and his concomitant statutory ineligibility for adjustment of status under § 245(i) of the INA. In response to Sillah's request for reconsideration based on his TPS, the CIS cited § 245(c) of the INA, which provides that TPS accords an alien lawful status "only during the TPS period and does not relieve a bar to adjustment incurred before the grant of TPS." INA § 245(c), 8 U.S.C. § 1255(c). Sillah then filed this action in the district court, seeking mandamus relief.

The district court held that it lacked jurisdiction to review the CIS's denial of Sillah's application for adjustment of status, because the denial was a non-discretionary legal decision based on Sillah's statutory ineligibility for adjustment of status. The district court concluded that pursuant to the provisions of the REAL ID Act, only this Court has jurisdiction to review the CIS's denial of adjustment of status.

In 2005, Congress passed the REAL ID Act, which states explicitly that the jurisdiction-stripping provisions of § 1252(a)(2)(B) (aliens convicted of aggravated felonies) and (C) (denials of discretionary relief) do not preclude review by the courts of appeal of "constitutional claims or questions of law." See Pub. L. No. 109-13, § 106(a), 119 Stat. 231, 310, codified at 8 U.S.C. § 1252(a)(2)(D); Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). Thus, only the courts of appeal retain jurisdiction to consider constitutional and legal challenges to decisions pertaining to the denial of discretionary relief, such as the one presented in the instant mandamus petition. Accordingly, the district court did not err by dismissing Sillah's Motion in which he sought mandamus relief relating to the CIS's denial of his application for adjustment of status.[1]

**AFFIRMED.**

---

[1] Because the CIS has already rendered a decision on Sillah's application, and it is not pending before the agency, his arguments based on unreasonable delay in an administrative decision, under the Administrative Procedure Act, are misplaced.