[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 21-12784

Non-Argument Calendar

————————————

In re: DAWN C. OHLSSON,

Debtor.

_____

DAWN C. OHLSSON,

Plaintiff-Appellant,

versus

U.S. BANK NATIONAL ASSOCIATION,
as trustee for Structured Asset Securities
Corporation Mortgage Pass-Through

2                     Opinion of the Court                 21-12784

Certificates, Series 2006-BC1,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 8:20-cv-01266-MSS,

Bkcy No. 8:20-bk-00975-CPM

————————————

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Dawn Ohlsson, a debtor filing for bankruptcy under Chapter 7 and proceeding *pro se*, appeals the district court's order affirming the bankruptcy court's order granting U.S. Bank National Association's ("U.S. Bank") motion for *in rem* relief from the automatic stay. Ohlsson's opening brief contains lengthy summaries of general equitable principles and the law concerning trusts and estates. Despite this, she appears to make a handful of arguments on appeal that we must address. Because we write only for the parties, we will not recite the facts underlying this appeal in a separate section of this opinion.

When we review an order of a district court entered in its role as an appellate court reviewing a bankruptcy court's decision, we independently examine the factual and legal determinations of the bankruptcy court, applying the same standards of review as the district court. *In re FFS Data, Inc.*, 776 F.3d 1299, 1303 (11th Cir. 2015). We review *de novo* determinations of law, whether from the bankruptcy court or district court, and review a bankruptcy court's factual findings for clear error. *In re Bilzerian*, 100 F.3d 886, 889 (11th Cir. 1996).

Ohlsson first argues that U.S. Bank lacked standing to request relief from the automatic stay because it is not a "party in interest." Under 11 U.S.C. § 362(a), a bankruptcy petition operates as a stay of, among other things, "the enforcement, against the debtor or against property of the estate, of a judgment obtained before" the petition was filed and "any act to obtain possession of property of the estate . . . or to exercise control over property of the estate." However, on request of "a party in interest" and after notice and a hearing, the bankruptcy court shall grant relief from the stay, in relevant part,

> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization;

*Id.* § 362(d). A "party in interest" includes a "creditor," which is defined as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. § 101(10)(A). Ohlsson cites Rule 3002 of the Federal Rules of Bankruptcy Procedure to argue that U.S. Bank must have filed a claim to be considered a party in interest. *See* Fed. R. Bankr. P. 3002(a) ("A secured creditor, unsecured creditor, or equity security holder must file a proof of claim or interest for the claim or interest to be allowed . . . ."). But Rule 3002(a) also states that "[a] lien that secures a claim against the debtor is not void due only to the failure of any entity to file a proof of claim." *Id.* Here, U.S. Bank received a judgment of foreclosure in its favor in the amount of $316,414.48 relating to the real property at issue underlying this appeal. Under Rule 3002(a), U.S. Bank's failure to file a proof of claim does not "void" this lien. Accordingly, U.S. Bank is a party in interest capable of seeking relief from the automatic stay.

Moreover, "[i]n a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a divi-

dend, further notice will be given for the filing of claims." Fed. R. Bankr. P. 2002(e). This is relevant here. As the bankruptcy court explained to Ohlsson, her Chapter 7 case was a "no asset" bankruptcy, so U.S. Bank had no duty to file a proof of claim because such claims are pointless in "no asset" cases. [Doc. 16 at 4, 10]. Accordingly, neither the bankruptcy court nor district court erred in concluding that U.S. Bank was a party in interest with standing to seek relief from the automatic stay.

Next, Ohlsson seemingly argues that the lower courts erred by not considering whether U.S. Bank's claim is fraudulent. She explains in her reply brief that the foreclosure judgment U.S. Bank received in state court "was based on a certain settlement agreement between the parties, an agreement that [U.S. Bank] failed to uphold and negated." She then elaborates on how U.S. Bank allegedly breached the settlement agreement upon which the state court's final foreclosure judgment was based. The district court determined that the bankruptcy court properly declined to address this issue because it was barred by the *Rooker–Feldman* doctrine.[1] Under that doctrine, "[i]t is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). At no point in her opening or reply briefs

---

[1] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923).

does Ohlsson attempt to rebut the district court's application of the *Rooker–Feldman* doctrine.

That said, we review *de novo* the application of the *Rooker–Feldman* doctrine. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013). Here, we cannot conclude that the district court erred by concluding that the *Rooker–Feldman* doctrine precluded the bankruptcy court's consideration of Ohlsson's challenge to U.S. Bank's right to foreclose on the real property at issue pursuant to the state court's final foreclosure judgment. *See, e.g.*, *In re Bertram*, 746 F. App'x 943, 949 (11th Cir. 2018) ("We agree with the bankruptcy court and district court that the *Rooker–Feldman* doctrine barred the [debtors'] claims that sought to invalidate the state court's final foreclosure judgment.").

Lastly, Ohlsson argues that U.S. Bank could not seek relief from the automatic stay under 11 U.S.C. § 362(d)(4), which authorizes relief "if the court finds that the filing of the [bankruptcy] petition was part of a scheme to delay, hinder, or defraud creditors." But neither the bankruptcy court nor district court relied upon § 362(d)(4); instead, the district court clearly explained that § 362(d)(1) and § 362(d)(2) authorized U.S. Bank's requested relief from the automatic stay. Ohlsson never challenges these bases for the district court's decision, and we find no error in the district court's application of § 362(d)(1) and § 362(d)(2). Accordingly, even if Ohlsson is correct that § 362(d)(4) does not authorize relief

from the automatic stay, that does not provide a basis for us to reverse the lower courts' granting U.S. Bank's requested relief.

For the foregoing reasons, the bankruptcy cout's and district court's grant of U.S. Bank's requested relief from the automatic stay is

**AFFIRMED.**