**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 24-10624

Non-Argument Calendar

_____

PHILLIP A. JONES, SR.,

*Plaintiff-Appellant,*

*versus*

CHAIRMAN, BOARD OF COMMISSIONERS, FULTON
COUNTY, et al.,

*Defendant-Appellee,*

JOSEPH YOUNG-LINCOLN, et al.,

*Defendants.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-05222-ELR

_____

Before JORDAN, LUCK, and ABUDU, Circuit Judges.

PER CURIAM:

Phillip Jones, Sr. appeals the district court's dismissal of his amended complaint for failure to state a claim under 28 U.S.C. section 1915(e)(2)(B)(ii).  After careful review, we affirm.

With permission to proceed in forma pauperis, Jones filed an initial complaint against five defendants alleging false imprisonment, retaliation, harassment, race discrimination, employment rights violations, fraud, and trespass.  His suit appears to arise from the defendants' alleged discriminatory actions that occurred during an earlier Fulton County Superior Court proceeding.  After a frivolity review under section 1915(e)(2)(B), the district court explained that Jones's initial complaint did not contain a short and plain statement of each claim or put the defendants on notice of the specific acts they allegedly committed.  The court dismissed Jones's initial complaint without prejudice and granted him leave to file an amended complaint.

Jones filed an amended complaint against the same five defendants, alleging civil rights violations, discrimination, systemic discrimination, harassment, retaliation, and fraud during his state court proceeding.  Jones recited language from the district court's order dismissing his initial complaint, provided definitions of legal terms, and asserted that the defendants discriminated against him and allowed for the "inappropriate use of [his] civil service record."

The district court conducted another frivolity review and dismissed the amended complaint without prejudice because Jones failed to state a claim.  The district court concluded that the amended complaint "still fail[ed] to explain with specificity the

24-10624                Opinion of the Court                3

exact conduct by any defendant that was harassing and discrimina-
tory pursuant to any particular statute." Jones appeals the dismis-
sal.

On appeal, Jones argues that the district court erred by:
(1) requiring him to state a claim; and (2) failing to review his state
court case.[1] We review de novo "[a] district court's sua sponte dis-
missal for failure to state a claim under [section] 1915(e)(2)(b)(ii)."
*Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019).

Section 1915(e) directs a district court to dismiss an in forma
pauperis action if it concludes that the complaint "fails to state a
claim on which relief may be granted." 28 U.S.C.
§ 1915(e)(2)(B)(ii). In reviewing a district court's dismissal under
this statute, we apply the same standards that govern dismissals un-
der Federal Rule of Civil Procedure 12(b)(6). *Henley*, 945 F.3d at
1331. A complaint must include "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R. Civ. P.
8(a)(2). While we accept a plaintiff's factual allegations as true, we
require the alleged facts to create a plausible claim for relief. *Turner
v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023). A complaint must
contain more than mere legal conclusions and must give the de-
fendants notice of the facts underlying each claim. *Id.* at 576–77.

---

[1] Jones also argues the district court erred in adopting a report and recommen-
dation by a magistrate judge. However, no report and recommendation was
issued in this case. Jones seems to be confusing this case with a different case
he filed in federal court.

Here, the district court properly dismissed Jones's amended complaint for failure to state a claim. Jones listed multiple causes of action but failed to provide or explain specific facts about the defendants' conduct. *See id.* While he alleged the defendants "discriminated against him as a Fulton County Board of Commissioners [e]mployee" and restricted him from filing in the state court "based on the inappropriate use of [his] civil service record," he did not explain the facts or legal basis for these claims. For example, Jones provided general legal definitions but did not apply these definitions to the defendants' actions. For that reason, the amended complaint was based only "on conclusory and ambiguous allegations" that did not give the defendants notice of any facts supporting the claims. *See id.* at 577.

To the extent Jones challenges his state court proceedings, we generally "lack[] jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997). The district court properly dismissed the amended complaint.

**AFFIRMED**.[2]

---

[2] All pending motions are denied as moot.