PER CURIAM:
 

 In this appeal, we must determine whether the District Court erred in holding that it had no subject matter jurisdiction over appellant’s § 1983 suit which alleged that his federal rights were violated when the Supreme Court of Florida denied his Petition for a Rule to Show Cause why he should not be admitted to the Florida bar.
 

 Because appellant’s suit is in reality a challenge to a state court judicial proceeding concerning the denial of a particular application for admission to the Florida Bar, we hold that his claim is within the jurisdiction of the United States Supreme Court rather than the original jurisdiction of the District Court. The District Court’s judgment is therefore affirmed.
 

 Trying to Avoid the Horrors of the Bar Exam
 

 Plaintiff-Appellant Edwin Berman is an attorney entitled to practice law in Illinois,
 
 *1522
 
 and a judge of the Circuit Court of Cook County. Berman received a law degree from the University of Miami School of Law issued to him in 1982, nunc pro tunc to 1952. In June, 1984, he filed a request with the Florida Board of Bar Examiners to be admitted to the Florida bar without sitting for the bar exam. His request was made pursuant to a statutory “Diploma Privilege” waiving the bar exam requirement for graduates of Florida law schools. The relevant statute was in effect in 1952, but has since been repealed. Berman’s request for admission under the “Diploma Privilege” was denied on October 16, 1984, and he subsequently filed a Petition for a Rule to Show Cause with the Florida Supreme Court. The Florida Board of Bar Examiners filed a response in the Supreme Court of Florida which contained legal argument addressed to Berman’s “Diploma Privilege” claims. Berman’s petition was denied without opinion or statement of reasons.
 

 Thereafter, Berman brought this § 1983 action in federal district court alleging constitutional violations in connection with the denial of his bar application. The District Court ruled that it lacked subject matter jurisdiction over Berman’s complaint since the complaint was, in essence, an effort to have an “inferior” federal court review the decision of the state supreme court. This appeal followed, and we affirm.
 

 A Legal Distinction Worthy of a Bar Exam
 

 For purposes of subject matter jurisdiction, the Supreme Court has recognized a critical distinction among cases brought in federal district court by disgruntled state bar applicants.
 
 See D.C. Court of Appeals v. Feldman,
 
 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). In essence, there are two types of claims which a frustrated bar applicant might bring in federal court:
 

 (1) A constitutional challenge to a state’s general rules and procedures governing admission to the state’s bar; or
 

 (2) A claim, based on constitutional or other grounds, that a state court’s judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant.
 

 Federal district courts have jurisdiction over the first type of claim but not the second.
 
 Feldman,
 
 460 U.S. at 486, 103 S.Ct. at 1317, 75 L.Ed.2d at 225. According to the Supreme Court:
 

 United States District Courts ... have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case. They do not have jurisdiction, however, over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court’s action was unconstitutional. Review of those decisions may be had only in [the Supreme Court on certiorari].
 

 Feldman,
 
 460 U.S. at 486, 103 S.Ct. at 1317, 75 L.Ed.2d at 225.
 

 The present suit is clearly a challenge to a state court judicial proceeding resulting in the denial of a particular application (Berman’s) for admission to the Florida Bar. In his federal complaint, Berman’s prayer for relief specifically requests a finding that Berman should be admitted to the Florida bar pursuant to the “Diploma Privilege.” He does not challenge the constitutionality of any existing rule or procedure; he only argues that he qualifies for admission pursuant to the “Diploma Privilege,” and that the adjudication of his application was therefore in error. Thus, Berman’s claim is within the jurisdiction of the U.S. Supreme Court rather than the original jurisdiction of the District Court.
 

 AFFIRMED.