**Leo Alexander JONES, Plaintiff–Appellant,**

**v.**

**James CROSBY, Harry K. Singletary, et al., Defendants–Appellees.**

**No. 98–2342.**

United States Court of Appeals, Eleventh Circuit.

March 23, 1998.

Gail E. Anderson, Office of Capital Collateral Regional Counsel, Tallahassee, FL, Martin J. McClain, Office of Capital Collateral Regional Counsel, Miami, Fl, for Plaintiff–Appellant.

Richard B. Martell, Curtis French, Asst. Atty.Gens., Dept. of Legal Affairs, Tallahassee, FL, for Defendants–Appellees.

Before TJOFLAT, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Jones presented to the district court a claim that the State's current practice of inadequately funding post-conviction counsel for Jones denies Jones his federal Constitution rights (ineffective assistance of counsel and due process of law). In connection with this claim, Jones sought a stay of his imminent execution. The district court denied the application for stay. Jones appeals to this court.

Jones acknowledges in his complaint that his inadequate funding claim has been presented to the state courts. Jones also acknowledges that the Supreme Court of Florida on March 20, 1998, denied Jones' petition seeking relief based on this claim. It is well settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Under the *Rooker–Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States. *Dale v. Moore*, 121 F.3d 624 (11th Cir.1997). Jones cannot utilize 42 U.S.C. § 1983 to recast his claim and thereby obtain collateral review in federal court of the state court decision. *Berman v. Florida Bd. of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

Moreover, it is well established that Jones has no constitutional right to counsel in state post-conviction proceedings. *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989).[1]

---

1. Jones also seems to argue that he has a state-created right to adequately-funded counsel, and that he has been denied same without due process of law. We see no likelihood of success for such claim; contrary to his assertion, the Florida courts are available to entertain such a claim.

Accordingly, Jones' emergency motion for stay of his execution is DENIED.