PER CURIAM.
Stephen A. Papy, Sr., has petitioned this Court to review the recommendation of the Florida Board of Bar Examiners that he be denied readmission to The Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we approve the Board’s recommendation that Papy not be readmitted to the Bar at this time.
BACKGROUND
Papy was originally admitted to the practice of law in Florida in 1984. By order of this Court dated January 15,1998, the Court granted Papy’s petition for disciplinary resignation with leave to seek readmission after three years.
Papy sought readmission to the Bar by filing with the Board an Application for Admission to the Bar on June 29, 2001. During the course of the Board’s character and fitness investigation, certain items of information reflecting adversely on Papy’s character and fitness were discovered. Following an investigative hearing, the Board served specifications upon Papy.
Specification 1 recounted the circumstances surrounding Papy’s disciplinary resignation from the Bar. This specification provided that from the early 1990’s until his resignation, Papy practiced law primarily as a sole practitioner. Specification 1(a) alleged that during his time as a sole practitioner, Papy misappropriated funds from one or more clients and used the funds to pay for office operating expenses. Specification 1(b) alleged that during the mid-1990’s Papy acquired substantial funds on behalf of client Ewart Rose. According to this specification, Papy failed to provide Rose with all of his funds, withholding at least $500,000. Papy drafted a letter which Rose signed at Papy’s request allowing Papy to set up an irrevocable trust for Rose’s undisbursed funds with Papy serving as trustee. The letter further authorized Papy to invest the funds by making loans to himself. Papy used at least $500,000 of Rose’s funds to satisfy personal obligations. Papy was subsequently unable to repay Rose, requiring Rose to file a civil action against Papy. Specification 1(c) alleged that as a result of a complaint filed by Rose, the Bar conducted an audit of Papy’s trust account. The audit confirmed improprieties, including the issuance of checks.that were returned for insufficient funds. Papy filed a petition for disciplinary resignation, which was approved by this Court on January 15, 1998.
Specification 2 alleged that Papy exhibited a pattern of irresponsibility or lack of respect for the law as evidenced by the following: (a) Papy’s failure to timely file federal income tax returns for the years 1994-98, for which Papy was assessed a late filing penalty by the IRS for one or more of those years; (b) Papy’s failure to timely pay income taxes for the years 1994, 1995, 1996, 1998, 1999, and 2000, for *871 which Papy was assessed a failure to pay penalty by the IRS for one or more of those years; (c) the filing of a Notice of Federal Tax Lien against Papy setting forth an unpaid balance of $69,822.49 in 1040 taxes for tax years 1990 and 1991; (d) the filing of a Notice of Federal Tax Lien against Papy setting forth an unpaid balance of $55,363.09 in 1040 taxes for tax year 1995; and (e) the filing of a Notice of Federal Tax Lien against Papy setting forth an unpaid balance of $161,787.64 in 1040 taxes for tax year 1996. This specification further noted that while Papy satisfied and was released from the lien for years 1990 and 1991, the liens for 1995 and 1996 remain unsatisfied.[1]
Papy admitted Specifications 1 and 2, and the Board found that these specifications were proven. The Board found that Specification 1 was individually disqualifying and Specification 2, when considered with the other proven specification, was collectively disqualifying.
At the formal hearing, Papy presented the following evidence to establish his rehabilitation: several record exhibits consisting of three certificates of appreciation for coaching childrens’ baseball, three character affidavits, and two character letters. Six character witnesses testified on Papy’s behalf. Papy also testified on his own behalf.
The Board concluded that the evidence presented by Papy at his formal hearing failed to mitigate the seriousness of the proven specifications. The Board further concluded that Papy’s presentation at the formal hearing failed to establish Papy’s rehabilitation by clear and convincing evidence as is required by Florida Bar Admission Rule 3-13. In reaching this conclusion, the Board noted the egregiousness of Papy’s misconduct in loaning himself $500,000 from a client’s trust funds and Papy’s disregard of federal tax laws and regulations over an extended period dating back to 1994. The Board stated that to demonstrate rehabilitation, Papy would have had to demonstrate that he is addressing his past and present tax obligations. However, the Board found that Papy’s disregard for the law has continued in that he has unpaid taxes of $10,000 from 2002, and he has not made any quarterly deposits to pay his 2003 taxes even though his current income is $10,000 per month.
The Board also concluded that Papy had failed to present sufficient evidence of restitution. The Board noted that Papy’s insurance company satisfied the $680,000 judgment that client Rose obtained against Papy. Although Papy recognized a moral and legal obligation to repay the insurance company, he has not made any such payments. Further, although Papy testified that he believes client Rose has not been made whole, Papy did not give Rose any of the proceeds from the approximately $200,000 that Papy received as a personal settlement from another matter.
Finally, while the Board commended Papy on his activities with his church, including involvement in a festival to benefit the poor, the Board concluded far more positive action was required to demonstrate rehabilitation in light of Papy’s serious misconduct. The Board recommended that Papy not be admitted to the Bar and that he be disqualified for reapplying for admission for a period of two years from the date of the Board’s findings. Papy seeks review of the Board’s recommendation.
ANALYSIS
In the instant case, we need not even reach the issue of whether Papy has dem *872 onstrated rehabilitation because we conclude that the seriousness of his past misconduct and his continued failure to be financially responsible with regard to his own finances as well as in his dealings with others disqualify him from admission to the Bar.
This Court has held that disbarment alone is disqualifying for admission to the Bar unless an applicant can show clear and convincing evidence of rehabilitation. See Fla. Bd. of Bar Examr’s re J.J.T., 761 So.2d 1094, 1096 (Fla.2000); R. Regulating Fla. Bar 3-5.1(j) (providing that disciplinary resignation is the functional equivalent of disbarment). The misconduct that prompted Papy’s disciplinary resignation included a theft of $500,000 of client funds from a vulnerable victim. Even more disturbing is the fact that these funds were to be used to obtain an organ transplant for the client. This Court has held that “[i]n the hierarchy of offenses for which lawyers may be disciplined, stealing from a client must be among those at the very top of the list.” Fla. Bar v. Korones, 752 So.2d 586, 589 (Fla.2000) (quoting Fla. Bar v. Golub, 550 So.2d 455, 456 (Fla.1989)).
Papy simply has not made adequate progress in rectifying his financial irresponsibility for this Court to even consider his admission to the Bar at this time. At the hearing before the Board, Papy testified that even now he owes the federal government $10,000 for the 2002 tax year, although he receives a salary of over $100,000 a year. Despite this salary, Papy testified at the hearing that his sister-in-law was going to pay his 2003 taxes for him. Papy’s continuing irresponsibility is especially troubling in light of the fact that it was his reckless disregard in spending money that thrust him into dire financial straits and led to the misappropriation of client funds.
Further, Papy has not engaged in any effort whatsoever to make whole the others who suffered financial consequences as a result of his misconduct. Papy admitted that he has never attempted to make restitution to the insurance company that paid client Rose’s settlement even though Papy testified that he believed he should repay that money expended. Further, although Papy testified he believed that Rose had not been made whole, Papy has never paid Rose any money. Papy justifies his failure to repay by noting that releases were signed by Papy, Rose, and the insurance carrier. While it is clearly a legal option to not repay money to an individual or an entity when a claim has been settled, Papy’s complete lack of any proactive attempt to correct his past wrongs with Rose and the insurance carrier belies his assertion that he possesses the character and fitness to resume the practice of law. Until and unless Papy makes a concerted effort to become personally financially responsible and accountable to those that he has harmed through his misconduct, he should not be successful in his attempts to be readmitted to The Florida Bar.
CONCLUSION
For these reasons, we approve the Board’s recommendation that Stephen A. Papy, Sr., be denied admission to The Florida Bar at this time. He may reapply for admission after two years from the date of the Board’s adverse recommendation.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.

. The Board alleged a third specification against Papy, but ultimately concluded that it was not proven.