The Florida Board of Bar Examiners (Board) has filed a “Report and Recommendation” regarding the application of B.U.U. (Applicant) for admission to The Florida Bar (the Bar). We have jurisdiction. See art. V, § 15, Fla. Const. The Board recommended that Applicant be conditionally admitted to the Bar subject to numerous terms and conditions. The Court, however, disapproves the Board’s recommendation and finds that Applicant should not be conditionally admitted to the Bar at this time.
In 1998, Applicant received the degree of Juris Doctor. In 2010, Applicant executed an application for admission to the Bar and successfully completed all parts of the Florida Bar Examination in 2011. However, during the Board’s investigation, certain items of information that reflected adversely upon Applicant’s character and fitness were discovered by the Board. After holding an investigative hearing in 2011, the Board determined that Specifications should be prepared and served upon Applicant, and the matter of Applicant’s character and fitness should be considered at a formal hearing. The Office of General Counsel served the Specifications in May 2012, and Applicant filed an answer in June 2012. Applicant and her counsel appeared at a formal hearing in November 2012. At the hearing, the Board considered four Specifications.
Specification 1 alleged that Applicant demonstrated financial irresponsibility or a lack of respect for the law or the rights of others, as evidenced by the following: (A) During the past twelve years, Applicant had consistently been delinquent in her payments to approximately twelve creditors. Despite sufficient income to meet financial obligations, Applicant simply failed and refused to timely pay these creditors and allowed these debts to become delinquent. (B) During the past twelve years, Applicant had been delinquent in repayment of both federal student loans and private student loans that were used by her to obtain her legal education. Applicant’s student loans had been repeatedly delinquent by more than ninety *173 days on numerous occasions and delinquent as recently as October 2010. (C) During the past ten years, Applicant failed and refused to comply with federal tax laws and regulations as evidenced by the failure to timely file federal income tax returns for tax years 2003 and 2007; and the failure to timely pay federal income taxes owed for tax years 2002, 2004, 2005, and 2006.(D) During the past ten years, Applicant failed and refused to comply ■with State of California laws and regulations as evidenced by the failure to timely file State of California income tax returns for tax years 2005 and 2007, and the failure to timely pay State of California income taxes for tax years 2004, 2005, 2006, and 2007.(E) Applicant and her spouse filed a petition for bankruptcy protection under Chapter 13 of the Bankruptcy Code. A confirmation order was issued on May'l, 2007. After the bankruptcy court issued a confirmation order that approved a payment plan, Applicant voluntarily resigned from her employment and moved abroad. While living abroad, Applicant and her spouse failed and- refused to make scheduled payments as agreed in the payment plan for her bankruptcy. Between June 2008 and December 2009, the bankruptcy trustee filed six separate motions to dismiss the bankruptcy case because Applicant was in default. On March 2, 2010, the bankruptcy court dismissed the bankruptcy case due to Applicant’s failure to make the scheduled payments. Applicant and her spouse had sufficient income to make the scheduled bankruptcy payments, but failed to make the required payments.
Specification 2(A) alleged that Applicant provided responses that were false, misleading, or lacking in candor with regard to Item 14.a. of her Florida Bar Application. Item 14.a. asks whether the applicant, within the past five years, has been delinquent by more than ninety days in the payment of any tax, credit obligation, judgment, or other indebtedness. Applicant disclosed twenty credit accounts and gave explanations as to why those obligations became delinquent. The Board found that Applicant and her spouse had sufficient income to pay the creditors, but that she willingly failed to do so and chose to spend her earnings on other purchases and to finance the construction of a residence abroad.
Specification 2(B) alleged that Applicant provided a response that was false, misleading, or lacking in. candor with regard to Item 102.a. of her Florida Bar Application, which asked her to provide an explanation for leaving her previous employment. Applicant claimed that she terminated employment with a previous employer because of her spouse’s employment transfer .to California. Instead, the Board found that Applicant left this employment because she claimed that her previous employer was sexually harassing her, that her employer was a difficult person to work for, and because the employer once yelled at her in public.
Specification 3 alleged that Applicant provided a response that was false, misleading, or lacking in candor with regard to Items 14.a. and 14.b. of her Florida Bar Application. Applicant falsely testified that her spouse’s unemployment prevented her from being able to pay her creditors. Instead, the Board found that Applicant clearly had ample income to pay her creditors, but willfully chose not to make those payments.
Specification 4 alleged that Applicant has suffered from a major depressive disorder since at least 2003. This disorder has resulted in serious impairment in the past and, if not treated effectively, would likely have a significant impact on Applicant’s ability to practice law in a competent or professional manner. During the *174 past ten years, Applicant has been hospitalized on at least two occasions because of her major depressive disorder. In addition, Applicant attempted suicide more than once.. Since 2003, Applicant has only intermittently complied with medication treatment. At the time of the investigative hearing, Applicant was having her psychiatric medications managed by her primary care physician. At the time of the hearing, Applicant was not being treated by a mental health professional. During the hearing, Applicant testified that she had an appointment with her primary care provider the following week to discuss a referral to a psychiatrist. As of the date of the Specifications, Applicant had not amended Item 26.b. of her Florida Bar Application to disclose treatment with a psychiatrist for her major depressive disorder. This Specification alleged that Applicant’s history of noncompliance with the prescribed treatment of this disorder evidences a lack of effective treatment of the disorder, and Applicant has not established that she can satisfy the Essential Eligibility Requirements for the practice of law contained in rule 3-10.1 of the Rules of the Supreme Court Relating to Admissions to the Bar (Rules).
Upon consideration of Applicant’s formal hearing presentation, the Board found that the first three Specifications, which seriously impacted her character and fitness, were all proven. The Board found that there was mitigation evidence presented by Applicant. Importantly, the Board also found that Applicant’s formal hearing presentation failed to establish rehabilitation by clear and convincing evidence as required by rule 3-13 of the Rules. Notwithstanding these findings, the Board inconsistently concluded that the total lack of proof of rehabilitation did not render Applicant unqualified for admission to the Bar. Surprisingly, and contrary to existing Florida law, the Board found that Specifications 1-3, even though clearly proven, were not disqualifying. Consequently, the Board recommended her for conditional admission to the Bar for only one year.
Upon consideration of the findings of fact provided in the Report and Recommendation, this Court disapproves the Board’s recommendation for conditional admission. Although Applicant attempted to provide explanations for some of her misconduct, the Bar must not become a haven for those who have clearly violated the law repeatedly and, in addition and further aggravation, provided information that is totally false, misleading, and lacking in candor. Applicant’s refusal to repay her financial obligations, willful refusal to comply with state and federal law, and failure to provide full and complete candor in her application for admission call into serious question her judgment and ability to serve as an officer of our courts. Furthermore, we have held on multiple occasions that the failure to timely file or pay income taxes, in particular, merits disbarment or a denial of re-admission to the Bar, and we will not provide an exception here. See Florida Bar v. Behm, 41 So.3d 136, 147 (Fla.2010) (ordering permanent disbarment for intentional failure to file income tax returns and to pay income taxes); Florida Bd. of Bar Exam’rs re Marks, 959 So.2d 228, 234 (Fla.2007) (disapproving the Board’s finding that a failure to pay federal income taxes for numerous years was not disqualifying and the Board’s recommendation that the applicant be re-admitted to the Bar); Florida Bd. of Bar Exam’rs re Papy, 901 So.2d 870, 872 (Fla.2005) (approving the Board’s recommendation that the applicant be denied re-admission to the Bar in part because of his failure to timely file and pay income taxes); Florida Bd. of Bar Exam’rs re M.A.R., 755 So.2d 89, 92-93 (Fla.2000) (approving the Board’s recommendation that *175 the applicant be denied admission to the Bar in part because of his failure to timely file and pay income taxes); Florida Bar v. Nedick, 603 So.2d 502, 503 (Fla.1992) (ordering disbarment for evading or defeating tax in violation of federal law and conviction of tax evasion); Florida Bd. of Bar Exam’rs in re H.H.S., 373 So.2d 890, 892 (Fla.1979) (holding that a failure to file tax returns may properly be considered in determining whether the applicant has met the standards of conduct and fitness required under the Rules).
Compliance with the requirements of all tax laws is an issue this Court has viewed, and continues to view, very seriously. We have consistently held that lawyers, as guardians of the law, have a very special obligation to not only honor but comply with the law, and this includes applicable tax laws. In this case we are not considering a single violation of law but a series of willful and flagrant refusals to obey the law together with a lack of candor and truthfulness. The time for accountability is now. We have disciplined, suspended, and disbarred lawyers with only tax law violations in cases such as Behm, 41 So.3d at 151; Florida Bar v. Del Pino, 955 So.2d 556, 563 (Fla.2007); Florida Bar v. Smith, 650 So.2d 980, 982 (Fla.1995); Nedick, 603 So.2d at 503-04; Florida Bar v. Weed, 559 So.2d 1094, 1096 (Fla.1990); and Florida Bar v. Hosner, 536 So.2d 188, 188 (Fla.1988). There is no authority existing in Florida which dictates that we should allow admission of this Applicant. In fact, to permit admission under these circumstances would strike a blow to and undermine our efforts to preserve the necessary standards of character and fitness for admission to the Bar. If Applicant wishes to apply again, she will need to show significant rehabilitation in addition to an ability to honor all of her financial obligations.
Consequently, we disapprove the Board’s recommendation that Applicant be admitted or conditionally admitted at this time. Any further consideration of this Applicant for admission may not occur until after three years from the date of this decision.
No rehearing will be entertained by this Court.
It is so ordered.
POLSTON, C.J., and LEWIS and LABARGA, JJ., concur.
CANADY, J., concurs in result.
PARIENTE, J., dissents with an opinion in which QUINCE and PERRY, JJ., concur.