[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14355
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23930-JEM

WILLIAM SUMNER SCOTT,

Plaintiff-Appellant,

versus

STEVEN A. FRANKEL,
Esquire,
JUDGE NORMAN S. GERSTEIN,
ARLENE K. SANKEL,
Esquire,
FLORIDA SUPREME COURT,
FLORIDA BAR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 14, 2014)

Before CARNES, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

This appeal arises out of the Florida Supreme Court's decision suspending William Sumner Scott from the practice of law in Florida for three years.  The Florida Supreme Court handed down that suspension after it concluded that Scott had violated several provisions of Florida's Rules of Professional Conduct.  Fla. Bar v. Scott, 39 So. 3d 309 (Fla. 2010).  He responded to his suspension by filing a complaint in federal district court against the Florida Supreme Court, the Florida Bar, and three individual defendants who were involved in his suspension.

In his federal lawsuit, Scott asserted two claims.  In his first claim, he contended that Florida Bar Rule 4-8.4(c) is facially unconstitutional and that the Florida Supreme Court's decision suspending him from the practice of law violated his rights under the First and Fourteenth Amendments.  In his second claim, he alleged that Steven Frankel, Arlene Sankel, and Judge Norman Gerstein — the three individual defendants — had engaged in extrinsic fraud by participating in an ex parte communication related to his suspension.

Scott sought several forms of relief from the district court.  On the first claim, he sought (1) a declaration that Florida Bar Rule 4-8.4(c) is unconstitutional on its face; (2) an order directing the Florida Supreme Court to vacate its decision suspending him from the practice of law; (3) an order directing the Florida

2

Supreme Court to reinstate his license to practice law; and (4) an order expunging his disciplinary history.  On his second claim, he sought $2,000,000 in damages from the three individual defendants.

The defendants moved to dismiss Scott's complaint.  The district court referred those motions to a magistrate judge, who recommended that Scott's complaint be dismissed.  The magistrate judge recommended that the district court dismiss Scott's facial challenge to Florida Bar Rule 4-8.4(c) for failure to state a claim and that all of Scott's other claims be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.  The district court adopted the magistrate judge's report and recommendation and dismissed Scott's complaint.  This is his appeal.

## I.

### A.

Scott contends that Florida Bar Rule 4-8.4(c) is facially invalid under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Whether a bar rule is unconstitutional is a question of law that we review de novo. Doe v. Fla. Bar, 630 F.3d 1336, 1342 (11th Cir. 2011).  A facial challenge is "the most difficult challenge to mount successfully" because it requires a defendant to show "that no set of circumstances exists under which the Act would be valid."

United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100 (1987).  That is

a "heavy burden" to overcome.  Id.

Florida Bar Rule 4-8.4(c) provides:

A lawyer shall not:

. . . .

(c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, except that it shall not be professional misconduct for a lawyer for a criminal law enforcement agency or regulatory agency to advise others about or to supervise another in an undercover investigation, unless prohibited by law or rule, and it shall not be professional misconduct for a lawyer employed in a capacity other than as a lawyer by a criminal law enforcement agency or regulatory agency to participate in an undercover investigation, unless prohibited by law or rule.

Rather than attack the entire rule in his facial challenge, Scott challenges only the

rule's exception "that it shall not be professional misconduct for a lawyer for a

criminal law enforcement agency or regulatory agency to advise others about or to

supervise another in an undercover investigation."  He asserts that the exception

makes the rule facially invalid because "it allows lawyers to commit future wrongs

without limits of conduct or obligation to make restitution for the wrongs they

commit."

We conclude that the district court correctly dismissed Scott's facial

challenge.  Not only does Scott fail to present a single instance in which applying

Rule 4-8.4(c)'s exception would be unconstitutional, but he also fails to provide

any explanation for how the rule violates the Equal Protection and Due Process Clauses under the applicable jurisprudential tests. He simply asserts instead that the rule's exception allows certain lawyers "to commit future wrongs without limits." And that premise is plainly incorrect, as evidenced by the plain language of the rule. See Fla. Bar R. 4-8.4(c) ("[I]t shall not be professional misconduct for a lawyer for a criminal law enforcement agency or regulatory agency to advise others about or to supervise another in an undercover investigation, unless prohibited by law or rule.") (emphasis added). Because Scott has failed to demonstrate a single instance in which applying Rule 4-8.4(c)'s exception would violate the Equal Protection and Due Process Clauses, let alone "that no set of circumstances exists under which the [exception] would be valid," his facial challenge necessarily fails. See Salerno, 481 U.S. at 745, 107 S.Ct. at 2100.

## B.

The district court's dismissal of Scott's remaining claims for lack of subject matter jurisdiction under the Rooker-Feldman doctrine[1] is a question that we review de novo. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Under the Rooker-Feldman doctrine, "federal district courts generally lack jurisdiction to review a final state court decision." Doe, 630 F.3d at 1340. That is because the United States Supreme Court is the federal court that reviews final decisions made

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415–16, 44 S.Ct. 149, 150 (1923).

by a state's highest court.  Id.  Decisions by state supreme courts disciplining attorneys for misconduct qualify as such final decisions.  See Johnson v. Supreme Court of Ill., 165 F.3d 1140, 1141 (7th Cir. 1999).  As a result, "the Rooker–Feldman doctrine eliminates most avenues of attack on attorney discipline."  Id.; see also In re Cook, 551 F.3d 542, 548 (6th Cir. 2009); In re Rhodes, 370 F.2d 411, 413 (8th Cir. 1967).

The Rooker-Feldman doctrine applies when "state-court losers complaining of injuries caused by state-court judgments" bring later claims in federal district court that invite the district court to review and reject the earlier state-court judgments.  Alvarez v. Att'y Gen., 679 F.3d 1257, 1262 (11th Cir. 2012).  The doctrine applies where an issue presented to the district court is "inextricably intertwined with the state court judgment."  Id.  That occurs where "(1) the success of the federal claim would effectively nullify the state court judgment" or "(2) the federal claim would succeed only to the extent that the state court wrongly decided the issues."  Id. at 1262–63 (quotation marks omitted).

In this case, the district court properly dismissed Scott's remaining constitutional claims under the Rooker-Feldman doctrine.  Scott was a "state-court loser" based on the Florida Supreme Court's decision to suspend him from the practice of law for three years, see Mothershed v. Justices of Supreme Court, 410 F.3d 602, 606–07 (9th Cir. 2005), and his federal lawsuit was an attempt to have

6

the federal district court review and reject the Florida Supreme Court's decision. That intention is evident from the relief he sought from the district court: an order directing the Florida Supreme Court to vacate its decision suspending him from practice, reinstate his license, and expunge his disciplinary record.

Scott's claim for damages against Frankel, Sankel, and Judge Gerstein was also properly dismissed under the Rooker-Feldman doctrine. That damages claim was premised on an allegation of extrinsic fraud relating to the preparation of an amended referee report. Scott specifically contended that Frankel, Sankel, and Judge Gerstein colluded to omit material facts from that report. However, the amended referee report and the report's conclusion that Scott had violated several ethics rules formed the foundation of the Florida Supreme Court's decision suspending Scott from the practice of law. Scott's damages claim could succeed "only to the extent that the state court wrongly decided the issues" when it suspended Scott's license to practice law. See Alvarez, 679 F.3d at 1263. Therefore, the damages claim was "inextricably intertwined" with the Florida Supreme Court's decision, and the district court did not have jurisdiction over the claim. Id.

## II.

For these reasons, we affirm the district court's dismissal of Scott's complaint.

7

**AFFIRMED.**