[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12636
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-02321-TGW


BARBARA U. UBEROI,

Plaintiff-Appellant,

versus

SUPREME COURT OF FLORIDA,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 18, 2016)

Before ED CARNES, Chief Judge, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Barbara U. Uberoi appeals pro se the district court's dismissal of her complaint alleging that the Florida Supreme Court unlawfully denied her application to become a member of the Florida Bar in violation of federal bankruptcy law and her right to due process.

Uberoi applied for admission to the Florida Bar in 2010.  After conducting an investigation into her character and fitness, the Florida Board of Bar Examiners alleged that she had displayed a lack of candor in the admissions process.  It also alleged that Uberoi was financially irresponsible based on delinquencies to various creditors and the dismissal of her Chapter 13 bankruptcy proceeding for failure to make scheduled payments (she filed for bankruptcy in 2007).  Uberoi filed a written answer to the allegations and the Board held a hearing.  It recommended to the Florida Supreme Court that she be conditionally admitted to the Bar.

The Florida Supreme Court rejected the Board's recommendation.  It denied Uberoi admission to the Bar, citing her lack of candor and "refusal to repay her financial obligations."  See Fla. Bd. of Bar Exam'rs re B.U.U., 124 So. 3d 172, 174–75 (Fla. 2013).  It refused to entertain a rehearing on her application.  Id. at 175.  The United States Supreme Court denied Uberoi's petition for certiorari. B.U.U. v. Fla. Bd. of Bar Exam'rs, 134 S. Ct. 1949 (2014).

Uberoi then sued the Florida Supreme Court in federal district court.  She alleged that its decision violated 11 U.S.C. § 525(a), which prohibits governmental

2

units from discriminating against a person solely because she is a federal bankruptcy debtor.  She also alleged that one of the Florida Supreme Court's bar admission rules violated her right to procedural due process because it allowed the court to deny her admission to the Bar without first holding its own hearing.  She asked for a judgment requiring the court to reconsider its opinion after holding a hearing on her application.  The Florida Supreme Court moved to dismiss her complaint for lack of subject matter jurisdiction based on sovereign immunity and the Rooker-Feldman[1] doctrine.  The district court[2] granted its motion to dismiss.  This is Uberoi's appeal.

We review de novo issues of subject matter jurisdiction.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 408 (11th Cir. 1999).  Under the Rooker-Feldman doctrine, federal district courts lack subject matter jurisdiction over claims, "based on constitutional or other grounds, that a state court's judicial decision in a particular case has resulted in the unlawful denial of admission to a particular bar applicant."  Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 486, 103 S. Ct. 1303, 1317 (1983)).  "The Rooker–Feldman doctrine applies as long as the party

---

[1] Rooker v. Fid. Trust Co., 263 U.S. 413, 44 S. Ct. 149 (1923), and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

[2] The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

had a reasonable opportunity to raise his federal claims in the state court proceedings." Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997).

In Uberoi's prayer for relief for her § 525(a) claim, she asked that the district court enjoin the Florida Supreme Court from refusing to grant her bar application. That request indicates that her lawsuit "is clearly a challenge to a state court judicial proceeding resulting in the denial of [her] . . . application." See Berman, 794 F.2d at 1530. Uberoi's contention that she did not have an opportunity to raise her § 525(a) claim in the state proceedings is meritless. As the district court found, the Board's allegations about her financial irresponsibility and bankruptcy gave her the opportunity to argue, either in her written answer or at the formal hearing (or both), that it was improper for the Board to consider her bankruptcy filing. See Dale, 121 F.3d at 627 (stating that a bar applicant had a reasonable opportunity to raise a claim where he received notice that the Florida Board of Bar Examiners would consider his mental illness in assessing his bar application and had an opportunity to respond). The district court lacked subject matter jurisdiction over Uberoi's § 525(a) claim.

District courts do have subject matter jurisdiction under the Rooker-Feldman doctrine over "general challenges to state bar rules" like Uberoi's due process claim. See Feldman, 460 U.S. at 486, 103 S. Ct. at 1317. But the court nonetheless lacked jurisdiction over that claim because sovereign immunity

4

independently bars it.  Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments.[3]  Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253–54, 131 S. Ct. 1632, 1637–38 (2011); Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939 (1986).  That "bar exists whether the relief sought is legal or equitable."  Papasan, 478 U.S. at 276, 106 S. Ct. at 2939.

Sovereign immunity bars Uberoi's due process claim because the Florida Supreme Court is a department of the State of Florida.  See Fla. Const. art. v § 1 (vesting the judicial power of the State in its supreme court and other inferior courts); see also Kaimowitz v. Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (stating that the "Eleventh Amendment prohibits actions against state courts"). Contrary to her argument, the exception to sovereign immunity established in Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908), does not apply because she has sued only the Florida Supreme Court and not any individual state officers.  See Stewart, 563 U.S. at 254–55, 131 S. Ct. at 1638 (stating that the exception applies only where a plaintiff seeks prospective relief against a state official, not "when the state is the real, substantial party in interest") (quotation marks omitted); P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S. Ct.

---

[3] Sovereign immunity does not apply where a state waives it or Congress validly abrogates it, but Uberoi does not argue that either of those exceptions applies to this claim.

684, 688–89 (1993) ("[The exception] has no application in suits against the States and their agencies, which are barred regardless of the relief sought.").

**AFFIRMED.**