[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15123
Non-Argument Calendar

_____

D.C. Docket No. 4:16-cv-00638-RH-CAS

BARBARA URSULA UBEROI,

Plaintiff - Appellant,

versus

JORGE LABARGA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 16, 2019)

Before WILLIAM PRYOR, ROSENBAUM, and ANDERSON Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Barbara Uberoi, proceeding *pro se*, alleged that Defendant-Appellee Chief Justice Jorge Labarga, of the Supreme Court of Florida, violated her right to due process when the Supreme Court of Florida decided not to approve her application for admission to the Florida Bar without affording her further opportunity to be heard.  She also claimed that the Rules of the Florida Supreme Court Relating to Admissions to the Bar (Florida's "rules of admissions") were facially unconstitutional under the Due Process Clause for not allowing for that further opportunity to be heard.  The district court dismissed Uberoi's complaint. We affirm.

## I.

Appellant Barbara Uberoi applied for admission to the Florida Bar in 2010. After she filed her application to the Florida Bar, the Florida Board of Bar Examiners (the "Board") conducted a character-and-fitness investigation.  Through that investigation, the Board discovered "information that reflected adversely upon [Uberoi's] character and fitness."  As a result, the Board requested that Uberoi appear for an informal investigative hearing, after which the Board would prepare "Specifications," or written charges.

In the Specifications, the Board identified several categories of conduct that reflected adversely on Uberoi's character and fitness for admission to the bar:  (1) "financial irresponsibility or a lack of respect for the law or the rights of others"; (2)

2

a lack of candor by Uberoi in completing her bar application; and (3) a lack of candor by Uberoi at the investigative hearing before the Board. Specifically, with respect to the issue of financial irresponsibility, the Board cited Uberoi's delinquencies to state, federal, and private creditors before and after her bankruptcy filing, and the fact that her bankruptcy proceeding was dismissed because she failed to make scheduled payments pursuant to the bankruptcy plan. The Board served the Specifications on Uberoi in May of 2012.

The following month, Uberoi filed an Answer, in which she admitted most of the Specifications and provided mitigating evidence for them. In November of 2012, by Uberoi's request, the Board held a formal hearing at which Uberoi was represented by counsel and testified on her own behalf.

Following the hearing, the Board issued Findings of Fact, Conclusions of Law, and a Recommendation to the Florida Supreme Court. The Board concluded that the allegations in the Specifications were proven but also that Uberoi's mitigating evidence made the Specifications not disqualifying and that she had "established her qualifications for admission to the bar." The Board ultimately recommended that Uberoi be conditionally admitted for a probationary period of one year.

3

Uberoi signed a consent agreement with the Board regarding the conditions of her bar admission. That agreement made clear that it would "not become effective unless the Supreme Court of Florida issues an Order of Probationary Admission."

After reviewing the Board's Findings of Fact and Recommendation, the Florida Supreme Court rejected the Board's recommendation that Uberoi be admitted to the bar. *Fla. Bd. of Bar Exam'rs re B.U.U.*, 124 So. 3d 172 (Fla. 2013). That court reasoned that Uberoi's "refusal to repay her financial obligations, willful refusal to comply with state and federal law, and failure to provide full and complete candor in her application for admission call into serious question her judgment and ability to serve as an officer of our courts." *Id.* at 174. As a result, the court denied Uberoi admission to the bar and ruled that she could not reapply for three years. *Id.* at 175. The court further stated that "[n]o rehearing w[ould] be entertained." *Id*.

In 2014, Uberoi sued the Florida Supreme Court in federal court, alleging that the Court unlawfully denied her application to the Florida Bar in violation of federal bankruptcy law and her right to due process. *See Uberoi v. Fla. Supreme Court*, 2015 WL 12977511 (M.D. Fla. 2015). The district court dismissed her complaint for lack of subject-matter jurisdiction on the bases of the Florida Supreme Court's sovereign immunity and the *Rooker-Feldman* doctrine. *Id.* at \*4-\*9. This Court affirmed. *Uberoi v. Supreme Court of Florida*, 819 F.3d 1311, 1312 (11th Cir. 2016).

In 2016, Uberoi filed the underlying action against then-Chief Justice of the Florida Supreme Court Jorge Labarga, in his official capacity, in the District Court for the Middle District of Florida. After recounting the events described above, the complaint requested the following relief:

> a. Judgment be entered that the FLORIDA SUPREME COURT's rules of admission to the Florida Bar violate the due process rights of applicants such as PLAINTIFF who have been denied admission after entering into a consent agreement in that no hearing is required;
> b. Judgment be entered that DEFENDANT and the FLORIDA SUPREME COURT violated the PLAINTIFF's to procedural due process in applying its Rules of Admission such that she was not given an opportunity to be heard after they rejected her Consent Agreement;
> c. Judgment be entered requiring the DEFENDNAT and the FLORIDA SUPREME COURT to provide notice and an opportunity to be heard as required by the principles of due process before rejecting PLAINTIFF's Consent Agreement; and
> d. Judgment requiring DEFENDANT and the FLORIDA SUPREME COURT to revise Rules 5-10 and 5-11 of the Rules of the Supreme Court Relating to Admissions to the Bar to ensure that applicants who enter into consent agreements with the Florida Board of Bar Examiners receive notice and have an opportunity to be heard prior to the FLORIDA SUPREME COURT rejecting terms of the consent agreement.

Justice Labarga moved to dismiss for lack of subject-matter jurisdiction, improper venue, and failure to state a cause of action. He argued venue was improper in the Middle District, so the court should dismiss the complaint, or in the alternative, transfer the case to the Northern District. He also asserted that subject-

5

matter jurisdiction was lacking because, as with her previous suit, Eleventh Amendment immunity and the *Rooker-Feldman* doctrine barred this action. Finally, he contended that Uberoi's complaint failed to state a cause of action because Uberoi was provided with the process to which she was entitled: she received detailed specifications of charges against her, notice of a formal hearing before the Board, had prior disclosure of the Board's witnesses and exhibits, was represented by counsel at the formal hearing, and had the right to cross-examine witnesses and present her own evidence through the Board's subpoena power. Uberoi opposed the motion, arguing that *Rooker-Feldman* did not apply, that venue was proper, and that her complaint stated a claim.

The district court granted Justice Labarga's motion to transfer the case to the Northern District of Florida. In reaching that conclusion, the court noted that, while Uberoi alleged that she had taken the bar examination in the Middle District of Florida, "the act Uberoi complains of, the denial of her admission to the Florida Bar, was accomplished by a written decision of the Florida Supreme Court sitting in Tallahassee." Upon the transfer of the case to the Northern District of Florida, Justice Labarga filed an amended motion to dismiss, and Uberoi opposed the motion, with both parties reiterating their earlier arguments.

The district court dismissed Uberoi's complaint. That court found that it lacked subject-matter jurisdiction to entertain Uberoi's as-applied challenge to the

6

rules of admission on the basis of the *Rooker-Feldman* doctrine.  It also found that it lacked jurisdiction to entertain Uberoi's facial challenge to the rules of admission because she did not have standing.

This appeal followed.

## II.

In her complaint, Uberoi sought declarations that application of the Florida rules of admission to her case had deprived her of her right to due process, a declaration that particular rules were unconstitutional under the Due Process Clause, and injunctive relief preventing the continued application of those rules.  In other words, Uberoi argued that the rules of admission were unconstitutional both as applied and on their face.  The district court dismissed Uberoi's complaint, in part, because it concluded it did not have jurisdiction to provide the requested relief for her as-applied challenge and, in part, because she lacked standing to bring her facial challenge.

We review *de novo* both a district court's finding that it lacked subject-matter jurisdiction and its finding that Uberoi did not enjoy standing.  *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1284 (11th Cir. 2018); *Tannder Adver. Grp. LLC V. Fayette Cnty.*, 451 F.3d 777, 784 (11th Cir. 2006).  After careful review, we affirm.

7

**A.**

The District Court correctly concluded that, under the *Rooker-Feldman* doctrine, it lacked subject-matter jurisdiction to entertain Uberoi's as-applied challenge to the Florida rules of admission.

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts, or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923)). The Supreme Court has held that the *Rooker-Feldman* doctrine applies to only those cases in which (1) the plaintiff was the loser in state court, (2) the plaintiff is complaining of an injury caused by the state court's judgment, (3) the state court's judgment was "rendered before the district court proceedings commenced," and (4) the plaintiff is "inviting district court review and rejection" of the state court's judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This Court has repeatedly applied the *Rooker-Feldman* doctrine to actions brought by rejected applicants to the Florida Bar. *Uberoi v. Supreme Court of Florida*, 819 F.3d 1311 (11th Cir. 2016); *Dale v. Moore*, 121 F.3d 624 (11th Cir.

1997); *Berman v. Fla. Bd. Of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986). We

have made clear that

> [i]n essence there are two types of claims which a
> frustrated bar applicant might bring in federal court: (1)
> A constitutional challenge to a state's general rules and
> procedures governing admission to the state's bar; or (2)
> A claim, based on constitutional or other grounds, that a
> state court's judicial decision in a particular case has
> resulted in the unlawful denial of admission to a particular
> bar applicant. Federal district courts have jurisdiction over
> the first type of claim but not the second.

*Dale*, 121 F.3d at 626-27 (quoting *Berman*, 794 F.2d at 1530). Uberoi's as-applied

challenge to the rules of admission is the second type of claim because she argues

that her "particular case . . . resulted in the unlawful denial of [her] admission." *Id.*

Applying that precedent, the district court was correct to determine that it lacked

subject-matter jurisdiction over Uberoi's as-applied challenge.

## B.

The district court also correctly concluded that it could not entertain Uberoi's

facial challenge to the Florida rules of admission because she lacked standing to

bring that challenge.

Those who seek to invoke the jurisdiction of the federal courts must satisfy

the threshold requirement imposed by Article III of the Constitution by alleging an

actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)

(citations omitted). Plaintiffs must demonstrate a "personal stake in the outcome"

9

to "assure that concrete adverseness which sharpens the presentation of the issues" necessary for the proper resolution of the constitutional questions. *Id.* Standing is a threshold jurisdictional question, which is determined at the time the complaint is filed. *Elend v. Basham*, 471 F.3d 1199, 1204 (11th Cir. 2006). The Court should not speculate concerning the existence of standing. Nor should it attempt to piece together an injury sufficient to confer standing to the plaintiff; the plaintiff must demonstrate that she has satisfied this burden. *Id.*

Establishing an abstract injury is not enough to show standing. *Lyons*, 461 U.S. at 101. Rather, "the plaintiff must show that [she] has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Id.* at 101–02.

Here, the district court did not err in holding that Uberoi lacked standing because, at the time she filed the instant suit, Uberoi had not reapplied for admission to the bar and was therefore not subject to the rules of admission. Thus, at the time her complaint was filed, Uberoi lacked standing to generally challenge Rules 5-10 and 5-11 because she was not subject to those rules. *See Elend*, 471 F.3d at 1204.

Even if Uberoi had amended her complaint to include the fact that she reapplied for admission to the Florida bar in November of 2016, she still would have lacked standing to challenge the provisions at issue. That is because, as the district

10

court found, "[t]hese provisions would come into play only if Ms. Uberoi again reached an agreement with the Board of Bar Examiners and again did not seek and obtain leave to present whatever arguments she wished to present in support of her position." Thus, Uberoi could not have shown that she was "in immediate danger of sustaining some direct injury as the result of" those provisions. *Lyson*, 461 U.S. at 101. Rather, the injury complained of is "conjectural or hypothetical." *Id.* Accordingly, the district court did not err in dismissing the remainder of Uberoi's claims because she lacked standing.

## III.

Having concluded that the district court was correct to dismiss Uberoi's claims for lack of jurisdiction, we reject Uberoi's other claims. Uberoi argues that the District Court for the Middle District of Florida should not have transferred the case to the Northern District of Florida. But since we have already determined that no district court had jurisdiction to entertain Uberoi's claims, and since "[v]enue provisions come into play only after jurisdiction has been established," we do not decide whether it was an abuse of discretion to transfer Uberoi's case. *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 793 n.30 (1985).

Uberoi also argues that the district court should have afforded her an opportunity to amend her complaint to include the additional fact that she had reapplied for admission to the Florida bar. But it does not appear that Uberoi ever

11

requested leave to amend her complaint.  Setting that fact aside, the district court would have been within its discretion to deny any request for leave to amend, since the suggested amendment "would [have] be[en] futile."  *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005).  As we have noted, Uberoi still would have lacked standing to bring her facial challenge to Florida's rules of admission, even if she had alleged that she had reapplied for admission to the Florida bar.

## IV.

The district court correctly dismissed the complaint.

**AFFIRMED**.