[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 20-11931
Non-Argument Calendar

————————————————

D.C. Docket No. 5:19-cv-01619-LCB

CARL MICHAEL SEIBERT,

Plaintiff - Appellant,

versus

JEREMY MCINTIRE,
personal capacity and his capacity as an attorney,
ROMAN SHAUL,
General Counsel,

Defendants - Appellees.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama

————————————————

(May 5, 2021)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Carl Michael Seibert appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint for lack of subject matter jurisdiction under the Rooker-Feldman doctrine.[1]  The district court properly dismissed Seibert's complaint and we affirm.

## I.

Seibert was suspended from practicing law in Alabama in 2011 and was subsequently disbarred.  Seibert appealed the Alabama State Bar Association's ("the Bar") decision to disbar him, but the Alabama Supreme Court summarily affirmed.  Seibert v. Ala. State Bar, 154 So. 3d 1097, 1097 (Table) (Ala. 2012).

Seibert filed suit in federal district court in October 2019, alleging that the Bar violated his constitutional rights when it disbarred him.[2]  As Seibert himself admits, the factual allegations in his complaint are rambling, to say the least.  But we can discern the facts underlying Seibert's disbarment from the record.  Seibert was accused of knowingly allowing clients to lie in court proceedings; knowingly allowing a disbarred attorney to perform legal work for Seibert's law firm; and intentionally engaging in unethical and illegal conduct on behalf of a bail bonding company.  According to Seibert, these accusations were false.  As such, he says the

---

[1] Rooker v. Fid. Tr. Co., 263 U.S. 413, 44 S. Ct. 149 (1923); D.C. Ct. App. v. Feldman, 460 U.S. 462, 103 S. Ct. 1303 (1983).

[2] As reflected in the case caption, Seibert did not name the Alabama State Bar Association as a defendant.  He instead named Jeremy McIntire, the Assistant General Counsel who represented the Bar in the proceedings, and Roman Shaul, General Counsel for the Bar.

2

Bar's decision to disbar him was based on perjured testimony and false evidence, which violates his due process rights.

The Bar moved to dismiss Seibert's complaint. It argued, among other things, that the district court lacked jurisdiction over the matter under the Rooker-Feldman doctrine. This doctrine generally prohibits federal district courts from reviewing a final state court decision, insofar as the United States Supreme Court is the only federal court with jurisdiction to review decisions of a state's highest court. Doe v. Fla. Bar, 630 F.3d 1336, 1340 (11th Cir. 2011). The district court agreed and granted the Bar's motion to dismiss.

Seibert filed a motion for reconsideration, which the district court summarily denied. Seibert timely appealed.

**II.**

We review de novo a district court's decision that the Rooker-Feldman doctrine deprives it of subject matter jurisdiction. Doe, 630 F.3d at 1340. The Rooker-Feldman doctrine is a jurisdictional rule created by the Supreme Court that precludes federal district courts from reviewing state court judgments. Alvarez v. Att'y Gen. for Fla., 679 F.3d 1257, 1262 (11th Cir. 2012). "This is because '28 U.S.C. § 1257, as long interpreted, vests authority to review a state court judgment solely in the Supreme Court.'" Id. (alterations adopted) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S. Ct. 1517, 1526

3

(2005)).  The Rooker-Feldman doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil, 544 U.S. at 284, 125 S. Ct. at 1521–22.

Seibert's case falls under this definition.  First, challenges in federal district courts to decisions by state supreme courts disciplining attorneys for misconduct or ruling on bar applicants' claims are generally precluded by the Rooker-Feldman doctrine.  See Doe, 630 F.3d at 1341 (holding plaintiff's challenges "to the Florida Bar's rules regarding confidential peer review are clearly barred by Rooker-Feldman"); Berman v. Fla. Bd. of Bar Exam'rs, 794 F.2d 1529, 1530 (11th Cir. 1986) (per curiam) (holding that district court lacked jurisdiction over bar applicant's claim of unlawful denial of admission to a particular bar); Dale v. Moore, 121 F.3d 624, 627 (11th Cir. 1997) (per curiam) ("[I]t is clear that the Rooker-Feldman doctrine forbids frustrated Florida bar applicants from seeking an effective reversal of the Florida Supreme Court's decision in federal district court."); see also Scott v. Frankel, 562 F. App'x 950, 953 (11th Cir. 2014) (per curiam) (unpublished) ("Scott was a 'state-court loser' based on the Florida Supreme Court's decision to suspend him from the practice of law for three years."); Castro v. Lewis, 777 F. App'x 401, 405 (11th Cir. 2019) (per curiam)

4

(unpublished) (collecting cases).  Seibert nonetheless urges us to conclude his case is the exception.

In short, if Seibert were to succeed on his claim before the district court, it "would effectively nullify" the Alabama Supreme Court's decision.  Alvarez, 679 F.3d at 1262–63 (quotation marks omitted).  Thus the issue before the district court was inextricably intertwined with the state court judgment.  Id.  The district court correctly dismissed Seibert's complaint for lack of subject matter jurisdiction based on the Rooker-Feldman doctrine.

**AFFIRMED.**