[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12565
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cv-01401-CEH-GJK

DEWEY MITCHELL LINDSAY,

Plaintiff-Appellant,

versus

ADOPTION BY SHEPHERD CARE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 7, 2014)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Dewey Mitchell Lindsay, proceeding *pro se*,[1] appeals the district court's grant of summary judgment in favor of Adoption by Shepherd Care, Inc., in his action alleging constitutional violations arising from a state court parental rights termination proceeding.  We construe his arguments on appeal as a challenge to the district court's determination that Lindsay's claim he was denied a right to counsel in the state court proceeding, in violation of his Fourteenth Amendment due process rights, was barred by the *Rooker-Feldman*[2] doctrine.

We review the grant of summary judgment *de novo.  Johnson v. Governor of Fla.*, 405 F.3d 1214, 1217 (11th Cir. 2005).  Whether a plaintiff's complaint is barred by the *Rooker-Feldman* doctrine is a legal question that we review *de novo*. *Doe v. Fla. Bar*, 630 F.3d 1336, 1340 (11th Cir. 2011).

The *Rooker-Feldman* doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments.  *Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).  The doctrine "precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005).  "The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court

---

[1]  *Pro se* pleadings are construed liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2]  The *Rooker-Feldman* doctrine derives from *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

The district court did not err in determining the *Rooker-Feldman* doctrine operated to bar Lindsay's federal action. Lindsay's continued insistence that his federal case is actually an "appeal" of the state court parental rights termination proceeding makes clear this is the type of case precluded by the *Rooker-Feldman* doctrine. As to his remaining claims, Lindsay offers no specific argument with respect to the district court's order dismissing, for failure to state a claim, his Fifth and Sixth Amendment claims and challenge to the constitutionality of Chapter 63, Florida Statutes, and accordingly has waived those challenges. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (explaining issues not raised on appeal are deemed waived). Thus, we affirm the judgment of the district court.

**AFFIRMED.**