[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10919
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00310-SDM-AAS


NICKOLAS A. MELLS,

                                                      Plaintiff - Appellant,

versus

CHRISTINE WEIZMANN,
FLORIDA DEPARTMENT OF REVENUE,

                                                      Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 21, 2020)

Before MARTIN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Nickolas Mells, proceeding pro se, appeals the district court's dismissal of his complaint alleging substantive due process violations by Christine Weizmann and the Florida Department of Revenue. The district court held it was without subject matter jurisdiction over Mells's complaint under the Rooker-Feldman doctrine. After careful consideration, we affirm.

## I.

In 2014, the Florida Department of Revenue ("DOR") filed a petition to register a 1994 German child support order against Mells in the Circuit Court for Polk County, Florida. The petition alleged Mells owed Weizmann $57,680.30 in unpaid child support for the period from 1993 through September 11, 2014. Mells objected to the registration, arguing among other things that child support could not be ordered absent a "blood test." The circuit court set a "Final Hearing" on Mells's objection to the registration, and sent a notice of the hearing to two addresses associated with Mells. Mells says he never received notice of the hearing.[1]

After Mells failed to appear for the hearing, the circuit court entered a final order ("Registration Order") registering the German child support order and adopting it as an order of the court. Mells appealed to Florida's Second District

---

[1] The notice indicates that it was sent to both a residential address and a P.O. box in Davenport, Florida. Mells says he changed addresses before he was sent the notice, and that he only checks his P.O. box occasionally, when he returns to Davenport.

Court of Appeal, which summarily affirmed the Registration Order.  Mells then appealed to the Florida Supreme Court, which dismissed his petition for a lack of jurisdiction.

Shortly thereafter, Mells filed a pro se complaint in the U.S. District Court, which the court allowed him to amend twice.  In Mells's second amended complaint, he alleged his "substantive due process rights [were] violated" because (1) a significant amount of time had elapsed between the German child support order and the DOR's enforcement of that order; (2) the Florida circuit court did not properly serve him with notice of the Final Hearing; and (3) "no test to prove [his] paternity was ever taken."  The only "relief" requested by Mells in his complaint was that the district court "reverse" the Registration Order.

The DOR filed a motion to dismiss, arguing among other things that the district court lacked jurisdiction over Mells's claims under the Rooker-Feldman doctrine.[2]  The district court agreed and dismissed Mells's second amended complaint.  On appeal, Mells argues the Rooker-Feldman doctrine does not apply to his complaint because he did not have a reasonable opportunity to assert his claims in state court.

---

[2] The Rooker-Feldman doctrine derives its name from two Supreme Court decisions: District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1315 (1983), and Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150 (1923).

## II.

We review de novo a district court's determination that it lacks subject matter jurisdiction over a plaintiff's claims under the Rooker-Feldman doctrine. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam). Pleadings by pro se litigants are liberally construed. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (per curiam).

## III.

The Rooker-Feldman doctrine bars federal court review of state court final judgments. See Feldman, 460 U.S. at 482, 103 S. Ct. at 1315; Rooker, 263 U.S. at 415–16, 44 S. Ct. at 150. Under this doctrine, a federal district court is without jurisdiction "where a party in effect seeks to take an appeal of an unfavorable state-court decision." Lance v. Dennis, 546 U.S. 459, 466, 126 S. Ct. 1198, 1202 (2006) (per curiam). The doctrine eliminates federal subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521–22 (2005). However, the Rooker-Feldman doctrine cannot bar jurisdiction over an issue where a plaintiff had no "reasonable opportunity" to raise the issue in state

4

court.  Target Media Partners v. Specialty Mktg. Corp., 881 F.3d 1279, 1286 (11th Cir. 2018).

We conclude that the district court properly dismissed Mells's second amended complaint under the Rooker-Feldman doctrine.  As an initial matter, Mells's complaint is eligible for the jurisdictional bar under Rooker-Feldman because his state court proceedings concluded before Mells initiated this action in federal court.  Exxon, 544 U.S. at 284, 125 S. Ct. at 1521–22; Nicholson v. Shafe, 558 F.3d 1266, 1278 (11th Cir. 2009).  Beyond that, the Rooker-Feldman doctrine plainly bars Mells's complaint because the only "relief" he requests is that the district court "reverse" the state court's Registration Order.  Mells "in effect seeks to take an appeal of an unfavorable state-court decision," so the district court was without jurisdiction to consider his claims.  Lance, 546 U.S. at 466, 126 S. Ct. at 1202; see also Lindsay v. Adoption by Shepherd Care, Inc., 551 F. App'x 528, 529 (11th Cir. 2014) (per curiam) (unpublished) (holding that a plaintiff's "insistence that his federal case is actually an 'appeal'" of the state court proceeding "makes clear" his claims are "precluded by the Rooker-Feldman doctrine").

Mells argues he did not have a "reasonable opportunity" to raise his due process claims in state court proceedings due to the Florida circuit court's failure to give him adequate notice of the Final Hearing.  We reject this argument for two reasons.  First, even if Mells did not get notice of the Final Hearing, he could have

raised his due process claims as part of his written objections to the DOR's registration petition.  See Goodman v. Sipos, 259 F.3d 1327, 1330, 1334 (11th Cir. 2001) (holding that plaintiffs had a "reasonable opportunity to present their constitutional challenges" in response to a juvenile court's orders in part because plaintiffs "had an opportunity to object").  Second, Mells does not dispute that he could have raised his due process arguments in his state court appeal of the Registration Order.  See Dale v. Moore, 121 F.3d 624, 627 (11th Cir. 1997) (per curiam) (holding that a plaintiff had a reasonable opportunity to assert disability discrimination claims against the Florida Bar in a state court proceeding where the Bar's rules allowed him to petition the Florida Supreme Court).  This record shows that Mells had a reasonable opportunity to raise his due process claims in his state court proceedings.

We therefore conclude the Rooker-Feldman doctrine bars Mells's substantive due process claims, and the district court properly dismissed his complaint for a lack of subject matter jurisdiction.[3]

**AFFIRMED.**

---

[3] The DOR alternatively argues that dismissal was warranted because (a) Mells's complaint failed to state a claim; and (b) the DOR was entitled to Eleventh Amendment immunity. Because we affirm dismissal on Rooker-Feldman grounds, and because that was the sole basis for the district court's dismissal of Mells's complaint, we decline to reach the DOR's alternative arguments.

6